Rudolph **RODRIGUEZ**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–87–00388–CR.

Court of Appeals of Texas,
Dallas.

July 21, 1988.

James A. Johnston, Dallas, for appellant.

Yolanda M. Joosten, Dallas, for appellee.

Before HOWELL, LAGARDE and KINKEADE, JJ.

HOWELL, Justice.

This Court's June 9, 1988 opinion in this cause is hereby withdrawn. The following is the opinion of the Court.

Appellant Rudolph Rodriguez, Jr. appeals his conviction for murder in which the jury assessed his punishment, enhanced by a prior felony conviction, at a life sentence plus a $10,000 fine. Appellant asserts in three points of error that 1) the prosecutor's argument encouraged impermissible speculation by the jury that appellant would retaliate against a State's witness, and 2) the unconstitutional jury charge on parole was reversible error. We affirm the judgment of the trial court.

Appellant's first point complains of prosecutorial argument at the punishment phase. During trial at guilt/innocence, appellant's aunt testified that, after the offense occurred, appellant came to live at her house in Dallas for a period of approximately five months. While living with his aunt appellant confessed to the murder. The aunt then asked appellant to move out and he did so.

On cross-examination of the aunt, the following exchange occurred:

Q. Ms. Cruz, you're—where—where do you live at this time?

A. I'd rather not say because of his family being here.

Q. His family—you're saying his family here in court?

A. Yes. His sister and—

Q. And you're still living in Dallas?

A. Yes. I'm living in Dallas.

Q. Are you employed at this time?

A. Yes. I am.

Q. And where do you work?

A. I'd rather not say.

Q. What type of work do you do?

A. Assistant manager.

Q. Do I understand your—your concern —are you concerned that the family would take—(Interrupted by the witness)

A. Well, his—what they would try to do. He has two (2) other brothers and a sister, which I have found out that they're trying to get even for—my testimonial [sic].

Counsel for appellant made no objection to the nonresponsiveness of the witness' answers and no motion to strike the testimony of the witness.

During argument at the punishment stage, the prosecutor made the following argument on which appellant bases his first point of error:

PROSECUTOR: ... I'd also like for you to consider one other thing before I close while you [sic] assessing punishment and that is the safety of the witnesses that appeared in this case against him.

DEFENSE COUNSEL: (Interposing) Your Honor, I object to this line of argument, also, by—it's far outside the record. It certainly has nothing to do with this case.

THE COURT: I'll sustain that objection.

DEFENSE COUNSEL: (Interposing) Your Honor, I would ask that the jury be instructed to disregard this.

THE COURT: Please disregard the last statement.

DEFENSE COUNSEL: And for the record, we'd make a Motion for Mistrial.

THE COURT: Denied.

PROSECUTOR: (Continuing) *Doesn't that—what Felicia Cruz said to you about not wanting to give her address and where she was working tell you something about this Defendant?*

DEFENSE COUNSEL: (Interposing) Your Honor, again, this is the same line of argument. He's simply going into another direction regarding things outside and uninvolved in this case, and I would object to it strenuously.

THE COURT: *Overruled.*

[emphasis added]

Specifically, appellant objects to the overruling of his objection to the emphasized argument. However, the prosecutor did not inject new facts into the case. The fact that the witness was in fear of retaliation by appellant's family was already in evidence without objection. Inasmuch as there was no evidence that *appellant* threatened this witness or any other witness, the prosecutor's demand that the jury punish because of fear of retaliation on the part of this witness was improper. *See Alejandro v. State*, 493 S.W.2d 230, 231 (Tex.Crim.App.1973) (State may argue summations of and reasonable deductions from the evidence). However, bearing in mind that the matter was already in evidence, that the evidence against appellant, as detailed below, was overwhelming and that the error occurred at the punishment stage, we hold "beyond a reasonable doubt, that the error made no contribution ... to the punishment." TEX.R.APP.P. 81(b)(2). Appellant's first point is overruled.

By his second and third points of error, appellant contends that the trial court erred in charging the jury pursuant to article 37.07 of the Code of Criminal Procedure. Appellant urges that the "parole instruction" given to the jury was an unconstitutional violation of the separation of powers doctrine of the Texas constitution and that it further deprived him of substantive due process.

Our consideration of these points is guided by the opinion on rehearing in *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App.1988) (on rehearing). In accordance with the opinion in *Rose*, we agree with appellant that the parole charge violates the separation of powers and the due course of law provisions of the Texas Constitution. *Rose*, at 552 (on rehearing). However, this Court must conduct a harm analysis under

Rule 81(b)(2) to determine if, beyond a reasonable doubt, the erroneous charge made any contribution to the punishment assessed.

The evidence adduced against appellant was overwhelming, and the facts were particularly heinous. Two eyewitnesses testified that appellant lured the victim into a car and shot him in cold blood during the course of a robbery. There was evidence that all participants were intoxicated and under the influence of marijuana and paint fumes. Appellant himself confessed to the crime. In addition, appellant pleaded "true" to the enhancement paragraph of the indictment and the State introduced evidence that appellant had sustained three prior felony convictions. Finally, neither attorney referred to the parole instruction during argument. Thus, we conclude beyond a reasonable doubt that the charge made no contribution to the punishment assessed. *See Rose*, at 554 (facts of offense and prior record of appellant militate in favor of a harsh sentence) (on rehearing). Appellant's second and third points are overruled.

The judgment of the trial court is affirmed.