Contreras v. State 















IN THE
TENTH COURT OF APPEALS
 

NO. 10-91-032-CR

        ALFREDO GOMEZ CONTRERAS,
                                                                                       Appellant
        v.

        THE STATE OF TEXAS,
                                                                                       Appellee
 

 From the 18th District Court
Johnson County, Texas
Trial Court # 27815
                                                                                                                
                                                                     
CONCURRING OPINION
                                                                                                     

          Appellant complains in point two about the prosecutor telling the jury during the argument
on punishment, "This isn't a case where you have a fourteen-year-old child maybe she's a little
promiscuous." His objection, that the statement was "improper argument altogether due to the fact
we could not go back into the sexual promiscuity of the child," was overruled. The prosecutor
then stated, "This isn't the case where we have a little fourteen-year-old child who is promiscuous
and a little sixteen-year-old boy maybe things get a little hot and she tells on him. . . . Here you
have a grown man and a little ten-year-old girl." The majority agrees with Appellant's contention
that this argument was improper because the state should not be allowed to argue for an increased
sentence by directing the jury's attention to a lack of evidence that the state knows would not be
properly admissible by the defendant. Although finding error, they nevertheless find it was
harmless and affirm the judgment.
          I concur in the affirmance but disagree with the finding of error. An accurate summary
of the evidence is proper jury argument. Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim.
App. 1973). The prosecutor was entitled to summarize and state what is obvious from the
evidence: "This isn't a case where you have a fourteen-year-old child maybe she's a little
promiscuous. . . . This isn't the case where we have a little fourteen-year-old child who is
promiscuous and a little sixteen-year-old boy maybe things get a little hot and she tells on him.
. . . Here you have a grown man and a little ten-year-old girl." This was an indisputably accurate
statement of the evidence. Moreover, it was a plea for law enforcement, which is also proper jury
argument. See id. 
          Finally, Rule 412(e) of the Rules of Criminal Evidence, which limits the right of a
defendant to introduce evidence of the prior sexual conduct of a child under fourteen years of age,
does not prohibit the state from commenting on the victim's sexual innocence. See Tex. R. Crim.
Evid. 412(e). Appellant does not claim to have evidence of the victim's promiscuity that he was
prevented from introducing. Thus, the very basis of the majority ruling—that the state should not
be allowed to comment on the victim's sexual innocence when the defendant has evidence of
promiscuity he cannot introduce—does not appear in the record.
          Apparently, the majority enacts an absolute rule: The state can never comment on the
victim's sexual innocence if the child is under fourteen, regardless of whether the defendant has
any evidence of promiscuity. Extended to its logical limit, the prohibition would keep the state
from commenting on the sexual innocence of a two-year-old victim of aggravated sexual assault.
          For these reasons, I believe the court correctly overruled the objection and, thus, no error
occurred. Without error, the harm analysis is unwarranted. See Tex. R. App. P. 81(b)(2).
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Opinion delivered and filed January 8, 1992 
Publish