COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-359-CR
 
JORGE L. PONS                                                                                
APPELLANT
V.
THE STATE OF TEXAS                                                                                
STATE
------------
FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Jorge L. Pons was convicted of the offense of
aggravated robbery and was sentenced by a jury to fifty years' confinement and a
fine of $3,500. On appeal, appellant complains that the trial court erred in
overruling his objection to an instance of jury argument he contends was
improper. We will affirm.
Background
The evidence showed that on the night of October 19, 2000, appellant
and an accomplice, wearing a Halloween horror costume and an Al Gore mask,
robbed a convenience store clerk at a Fort Worth EZ mart, taking cash and
lottery tickets. During their attempted getaway in a car driven by a third
accomplice, they were chased by a Fort Worth Police Department patrol officer
until they abandoned the car and fled on foot. Latent fingerprints on lottery
tickets found inside the abandoned vehicle were matched to appellant. The
lottery tickets found in the vehicle were also linked by their sequence numbers
to lottery tickets in the store.
The Issue
Loyd Courtney, a latent fingerprint examiner employed by the Fort Worth
Police Department, testified that appellant's fingerprints matched the latent
prints recovered from the lottery tickets. During final argument at the
guilt/innocence stage of the trial, defense counsel argued that Courtney may
have been mistaken in his match:

         [DEFENSE COUNSEL]: There's
 some things that need to be considered. I will agree that the strongest piece
 of evidence that the State has is the fact that according to the testimony the
 lottery ticket found in the - in the Buick has a fingerprint or fingerprint on
 it from Mr. Pons. Now then, that leads us to some questions about whether you
 can rely on that testimony.

. . . .

         Fingerprinting on the
 other hand is not a science. It's not capable of replication in the way that I
 just explained. It's in fact subjective. It is based - subjective means in the
 head of the person doing it, meaning that not all of such heads would agree.
         Now, Mr. Courtney has told
 you that in his experience he's never been wrong.

. . . .

         That of course violates
 perhaps your everyday common experience and understanding that even computers
 make mistakes. People certainly do.

In response, the prosecutor made the statement appellant now contends
was improper:

         [PROSECUTOR]: . . .
 Certainly, ladies and gentleman, that evidence concerning those fingerprints
 is very important to this case because that's the one thing that connects
 identification of Mr. Pons. And though the - the defense has no burden of
 proof, they do have subpoena power, and if they wanted to challenge those
 fingerprints they could have brought an expert in here before you -

Defense counsel's objection that this statement improperly attempted to
shift the burden of proof to the defense was overruled by the trial court.
A response to an argument of opposing counsel has long been recognized
to be a proper area of prosecution jury argument. See Alejandro
v. State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973). Moreover, references
by a prosecutor to the defendant's failure to call expert witnesses to rebut
forensic evidence are appropriate. See Jackson v. State,
17 S.W.3d 664, 674 (Tex. Crim. App. 2000) (holding comment on defendant's
failure to call expert to rebut State's DNA evidence was proper). Because the
prosecutor's argument in the instant case was a proper answer to argument from
opposing counsel, we overrule appellant's point and affirm the trial court's
judgment.
 
                                                                                       
DAVID L. RICHARDS
                                                                                       
JUSTICE
 
PANEL F: CAYCE, C.J.; DAY, J.; and DAVID L. RICHARDS, J. (Sitting by
Assignment).
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED JANUARY 30, 2003]

1. See Tex. R. App. P. 47.4.