COURT OF
APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-053-CR
 
VINCENT ERIC RELEFORD       
           
           
           
           
    APPELLANT
V.
THE STATE OF TEXAS        
           
           
           
           
           
STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
------------
MEMORANDUM
OPINION (1)
------------
Vincent Eric Releford, Appellant, appeals his conviction for aggravated
assault raising two points. Appellant contends that: 1) the evidence at trial
was factually insufficient to support the conviction; and 2) the trial court
erred when it overruled Appellant's objection to the prosecution's alleged
improper jury argument. We affirm the trial court's judgment.
FACTS
On November 25, 2000, Appellant invited Eddie Degrete over to his house
to work on his television cable connection. Once Degrete entered the home,
Appellant assaulted Degrete with a knife. During the assault, Appellant
threatened to kill Degrete and his family. Eventually Degrete managed to calm
Appellant enough to exit the house. Once outside, Appellant's neighbor Forest
Gilbert saw Appellant and Degrete speaking in normal voices.
Once Degrete left Appellant's house he reported the assault to the
police. The District Attorney's office charged Appellant with aggravated assault
and tried Appellant to a jury. The jury found Appellant guilty and sentenced him
to ten years' imprisonment.
FACTUAL SUFFICIENCY
Appellant alleges in his first point that the evidence at trial was
factually insufficient to support his conviction. In reviewing the factual
sufficiency of the evidence to support a conviction, we are to view all the
evidence in a neutral light, favoring neither party. Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v.
State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Evidence is factually
insufficient if it is so weak as to be clearly wrong and manifestly unjust or
the adverse finding is against the great weight and preponderance of the
available evidence. Johnson, 23 S.W.3d at 11. Therefore,
we must determine whether a neutral review of all the evidence, both for and
against the finding, demonstrates that the proof of guilt is so obviously weak
as to undermine confidence in the verdict, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof. Id.
In the present case, Degrete testified as the State's sole witness to the crime.
Degrete testified that on the day of the assault, Appellant approached him on
the street. Degrete worked for AT&T, and Appellant told him that his cable
malfunctioned and that he wanted Degrete to inspect it. Degrete agreed to look
at Appellant's cable.
When Degrete arrived at Appellant's home, Appellant invited him in and
then accused Degrete of having an affair with his wife. Degrete testified that
Appellant pulled a knife on him and threatened to harm him and his family.
Appellant then took Degrete's clipboard and attempted to compare Degrete's
handwriting with handwriting on a form Appellant had with him.
Eventually, Degrete calmed Appellant down and left the house. Once
outside, Degrete attempted to leave, but Appellant would not allow him to get
into his truck. Degrete testified that Appellant did not have the knife in his
hands once he got outside. When Appellant blocked his way to his truck, Degrete
then went over to the home of Forest Gilbert, one of Appellant's neighbors.
Degrete requested that Gilbert go and get his truck for him, but Gilbert refused
to get involved. Degrete eventually got into his truck and left the home.
Gilbert testified as a defense witness at trial. He stated that he
observed Appellant and Degrete on Appellant's front porch talking in a normal
tone of voice. Degrete came over to Gilbert's property and requested that
Gilbert remove his truck from Appellant's driveway. Gilbert declined to help
him. Gilbert further testified that he saw a piece of paper in Appellant's hand.
Gilbert testified that he did not see Appellant holding a knife, nor did Degrete
mention anything about the assault that had just occurred.
Appellant testified at the trial to substantially similar facts as
Degrete and Gilbert. During trial, Appellant still maintained that Degrete was
having an affair with his wife. Appellant testified that he invited Degrete to
his home in order to confront him over the affair. Appellant testified that once
Degrete entered the home, Appellant took Degrete's clipboard in order to compare
the handwriting on it with a previous order form. Appellant further testified
that he stood very close to Degrete while they were in the home.
Appellant responded to questions about whether he held a knife to
Degrete by saying that he did not need a knife to harm Degrete had that been his
intent. Appellant further testified that he owned a knife that matched the
description of the weapon used in the assault. Appellant maintained that he did
not use it on Degrete or threaten Degrete's family with harm.
Appellant bases his factual sufficiency challenge on his and Gilbert's
testimony and the fact that the police never recovered the knife. Appellant
claims that the jury could not rely on Degrete's testimony by itself to convict
him of aggravated assault. Appellant further states that the jury could not
ignore Appellant's and Gilbert's testimony that showed Appellant did not have a
knife. Appellant argues that this testimony directly contradicts Degrete's
testimony. We disagree.
Gilbert's testimony in no way contradicts Degrete's testimony. Degrete
testified at trial that Appellant no longer had the knife when he went outside.
He further testified that Appellant followed Degrete over to Gilbert's property
and that Degrete requested Gilbert to remove his truck from Appellant's
property. Gilbert's testimony supported this rendition of the facts. Gilbert's
testimony showed that Appellant and Degrete were speaking in a normal tone of
voice when they came out of the house, and that Appellant no longer carried a
knife. This testimony does not refute Degrete's.
The jury could have determined that Degrete was talking in a normal
tone in a continuing attempt to calm Appellant, and that Degrete did not mention
the assault because he feared angering Appellant further. The jury could have
also decided that Appellant put the knife away prior to leaving the house. Both
of these conclusions would reconcile Gilbert's testimony with Degrete's and both
are logical conclusions based on the evidence at trial. See
Tippitt v. State, 41 S.W.3d 316, 327 (Tex. App.--Fort Worth 2001, no pet.)
(holding that "when we are faced with a record that supports conflicting
inferences, we must presume that the trier of fact resolved such conflicts in
favor of the prosecution and must defer to that resolution").
Because we hold that Gilbert's testimony does not contradict Degrete's,
Appellant's factual sufficiency challenge can only rest on Appellant's testimony
contradicting Degrete's and the fact that the police never recovered the knife
used in the assault. Only Appellant and Degrete witnessed the crime in this
case, and they similarly testified to what occurred. Their testimony varied only
over whether Appellant threatened Degrete and his family and whether he used a
knife. Ultimately, the case came down to whether the jury believed Appellant or
Degrete's version of the facts. The jury chose to believe Degrete and to
disbelieve Appellant, and we must defer to this finding. See
Bonham v. State, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984), cert.
denied, 474 U.S. 865 (1985) (holding that the trier of fact is the sole
judge of the credibility of the witnesses and the weight to be given their
testimony); Bottenfield v. State, 77 S.W.3d 349, 355 (Tex.
App.--Fort Worth 2002, pet. ref'd) ("The jury is free to believe or
disbelieve the testimony of any witness, to reconcile conflicts in the
testimony, and to accept or reject any or all of the evidence of either
side.").
Finally, the fact that the knife was not recovered does not cast a
shadow of doubt on the verdict. Appellant testified at trial that he owned a
knife that met the description of the weapon used in the assault. The lack of
the actual knife at trial was of little consequence.
After viewing all the evidence in a neutral light, we hold that the
evidence is not so weak as to be clearly wrong and the adverse finding is not
against the great weight and preponderance of the evidence. Johnson,
23 S.W.3d at 7, 11. We hold that the evidence was factually sufficient to
support the trial court's judgment. We overrule Appellant's first point.
JURY ARGUMENT
In Appellant's second point, he claims that the trial court erred when
it overruled Appellant's objection to the prosecution's improper jury argument.
During closing arguments, the prosecution stated that "[t]he defendant had
a knife, and he threatened to kill [Degrete] and his family . . . [Appellant]
told the detectives it didn't happen exactly like that." At this point,
Appellant objected stating that the comment was based on evidence outside of the
record. The trial court then overruled the objection.
To be permissible, the State's jury argument must fall within one of
the following four general areas: (1) summation of the evidence; (2) reasonable
deduction from the evidence; (3) answer to argument of opposing counsel; or (4)
plea for law enforcement. Felder v. State, 848 S.W.2d 85,
94-95 (Tex. Crim. App. 1992), cert. denied, 510 U.S. 829
(1993); Alejandro v. State, 493 S.W.2d 230, 231 (Tex.
Crim. App. 1973).
The record shows that during trial the prosecution asked Appellant
whether he talked to a detective after the assault. Appellant responded by
saying that he did not remember if the person he spoke to was a detective, but
that he did speak with someone. The prosecution then asked Appellant if he
remembered telling the detective that "the offense didn't occur exactly
like Mr. Degrete said it did." Appellant responded by saying that he did
not remember telling the detective that, but that based on what Appellant had
heard in trial the offense did not occur exactly like Mr. Degrete said it did.
The prosecution did not attempt to impeach Appellant's statement by
calling the detective to testify regarding the conversation. No evidence,
consequently, existed in the record to show that Appellant ever said anything to
a detective. Therefore, the comment was outside the record and improper. See
Guidry v. State, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999) (holding that
error exists when facts not supported by the record are interjected in the
argument). The trial court committed error in overruling Appellant's objection. Id.
We must now determine if the error requires us to reverse Appellant's
conviction. If a jury argument exceeds the bounds of proper argument, the trial
court's erroneous overruling of a defendant's objection cannot be reversible
error unless, in light of the record as a whole, the argument had a substantial
and injurious effect or influence on the jury's verdict. Tex. R. App. P.
44.2(b); Martinez v. State, 17 S.W.3d 677, 692-93 (Tex.
Crim. App. 2000); Mosley v. State, 983 S.W.2d 249, 259
(Tex. Crim. App. 1998) (op. on reh'g), cert. denied, 526
U.S. 1070 (1999).
In the present case, Appellant stated at trial that "I don't know
if I told him that or not, but from what I'm hearing today, it didn't happen
exactly like he said." We hold that Appellant essentially testified to the
same facts as the prosecution argued, except that Appellant said it in trial and
not to a detective. This minor difference did not have a substantial and
injurious effect or influence on the jury's verdict in light of the record as a
whole. Tex. R. App. P. 44.2(b); Martinez, 17 S.W.3d at
692-93; Mosley, 983 S.W.2d at 259. We hold that the
improper argument was harmless. Therefore, we overrule Appellant's second point
on appeal.
CONCLUSION
Having overruled all of Appellant's points, we affirm the trial court's
judgment.
 
           
           
           
           
           
SAM J. DAY
           
           
           
           
           
JUSTICE
 
PANEL A: DAY, DAUPHINOT, and HOLMAN, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: May 8, 2003

1. See TEX.
R. APP. P. 47.4.