COURT 
OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT 
WORTH
 
NO. 
2-02-054-CR
 
CHRISTOPHER 
LEE JONES                                                      APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM 
OPINION 


 
------------
        Appellant 
Christopher Lee Jones was convicted by a jury of the felony offense of 
aggravated assault with a deadly weapon in connection with a shooting in Tarrant 
County. See Tex. Penal Code Ann. 
§ 22.02 (Vernon 2003). The jury then assessed punishment at fifty years’ 
confinement after determining that appellant had twice previously been convicted 
of felony offenses. One point is presented on appeal: whether appellant received 
ineffective assistance of counsel.
        Appellant’s 
specific complaint is that trial counsel rendered ineffective assistance of 
counsel when he failed to object on two occasions during the State’s jury 
argument at the guilt/innocence stage of the trial when the prosecutor suggested 
that one of the witnesses was afraid to tell the truth and that appellant was 
the type of person that preyed on citizens of the community. We will affirm.
        We 
apply a two-pronged test to ineffective assistance of counsel claims. Strickland 
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson 
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First, appellant must 
show that his counsel’s performance was deficient; second, appellant must show 
the deficient performance prejudiced the defense. Strickland, 466 U.S. at 
687, 104 S. Ct. at 2064.
        In 
evaluating the effectiveness of counsel under the first prong, we look to the 
totality of the representation and the particular circumstances of each case. Thompson, 
9 S.W.3d at 813. The issue is whether counsel’s assistance was reasonable 
under all the circumstances and prevailing professional norms at the time of the 
alleged error. Strickland, 466 U.S. at 688-89, 104 S. Ct. at 2065. 
“[C]ounsel is strongly presumed to have rendered adequate assistance and made 
all significant decisions in the exercise of reasonable professional 
judgment.” Id. at 690, 104 S. Ct. at 2066. An allegation of ineffective 
assistance must be firmly founded in the record, and the record must 
affirmatively demonstrate the alleged ineffectiveness. Thompson, 9 S.W.3d 
at 814. Our scrutiny of counsel’s performance must be highly deferential, and 
every effort must be made to eliminate the distorting effects of hindsight. Strickland, 
466 U.S. at 689, 104 S. Ct. at 2065.
        The 
second prong of Strickland requires a showing that counsel’s errors 
were so serious that they deprived the defendant of a fair trial, i.e., a trial 
whose result is reliable. Id. at 687, 104 S. Ct. at 2064. In other words, 
appellant must show there is a reasonable probability that, but for counsel’s 
unprofessional errors, the result of the proceeding would have been different. Id. 
at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient 
to undermine confidence in the outcome. Id. The ultimate focus of our 
inquiry must be on the fundamental fairness of the proceeding whose result is 
being challenged. Id. at 697, 104 S. Ct. at 2070.
        It 
is proper for the prosecutor, during jury argument, to draw reasonable 
deductions from the evidence. Alejandro v. State, 493 S.W.2d 230, 231 
(Tex. Crim. App. 1973). The event for which appellant was prosecuted, a shooting 
in a high-crime residential neighborhood in Grand Prairie, occurred outside the 
victim’s mother’s residence and arose after appellant repeatedly taunted the 
victim, who was nineteen years old. There was evidence that prior to the 
shooting appellant shouted ”B-A nigger, I go wherever I want to go. I come in 
front of your mama’s house if I want to. You or your mama can’t do nothing 
about it. I do what I want to do.”
        There 
was also evidence that one of the witnesses at trial, J.F., who was sixteen 
years old at the time of the shooting, approached an investigation police 
officer soon after the offense and provided valuable information, including the 
exact location where the incident occurred, which allowed the officer to locate 
and recover several shell casings. There was also evidence that J.F.’s 
guardian later expressed concerns to the police that he did not want J.F. to 
provide a written statement. A police officer testified that citizens who 
witness crimes in the neighborhood are often afraid to come forward for fear of 
retaliation, and when J.F. testified, he was uncooperative, denying that he had 
assisted the police following the shooting.
        Based 
on the above testimony we hold the prosecutor’s remarks during jury argument 
constituted reasonable deductions from the evidence: (1) J.F., who provided 
valuable information to the police officers at the scene of the offense, was 
afraid to testify at trial for fear of retaliation; and (2) a guilty verdict 
would send a message to appellant that he does not have “a hold on that 
neighborhood and have the people there living in fear.” Because the remarks 
were proper, defense counsel was not ineffective in failing to object to them.
        Point 
one is overruled and the trial court’s judgment is affirmed.
 
                                                                  PER 
CURIAM
  
PANEL 
F:   DAVID L. RICHARDS, J. (Sitting by Assignment); 
CAYCE, C.J.; and DAY, J.

DO 
NOT PUBLISH
Tex. 
R. App. P. 47.2(b)
 
DELIVERED: 
September 11, 2003