Jones v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-054-CR

CHRISTOPHER LEE JONES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213
TH
 
DISTRICT COURT 
OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Christopher Lee Jones was convicted by a jury of the felony offense of aggravated assault with a deadly weapon in connection with a shooting in Tarrant County.  
See
 
Tex. Penal Code Ann.
 § 22.02 (Vernon 2003).  The jury then assessed punishment at fifty years’ confinement after determining that appellant had twice previously been convicted of felony offenses.  One point is presented on appeal:  whether appellant received ineffective assistance of counsel.

Appellant’s specific complaint is that trial counsel rendered ineffective assistance of counsel when he failed to object on two occasions during the State’s jury argument at the guilt/innocence stage of the trial when the prosecutor suggested that one of the witnesses was afraid to tell the truth and that appellant was the type of person that preyed on citizens of the community.

We will affirm.

We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant must show that 
his 
counsel’s performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064. 

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel’s assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Id. 
at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.  Our scrutiny of counsel’s performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.

The second prong of 
Strickland
 requires a showing that counsel’s errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.  
Id. 
at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.

It is proper for the prosecutor, during jury argument, to draw reasonable deductions from the evidence.
  Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).  The event for which appellant was prosecuted, a shooting in a high-crime residential neighborhood in Grand Prairie, occurred outside the victim’s mother’s residence and arose after appellant repeatedly taunted the victim, who was nineteen years old.  There was evidence that prior to the shooting appellant shouted ”B-A nigger, I go wherever I want to go.  I come in front of your mama’s house if I want to.  You or your mama can’t do nothing about it.  I do what I want to do.” 

There was also evidence that one of the witnesses at trial, J.F., who was sixteen years old at the time of the shooting, approached an investigation police officer soon after the offense and provided valuable information, including the exact location where the incident occurred, which allowed the officer to locate and recover several shell casings.  There was also evidence that J.F.’s guardian later expressed concerns to the police that he did not want J.F. to provide a written statement.  A police officer testified that citizens who witness crimes in the neighborhood are often afraid to come forward for fear of retaliation, and when J.F. testified, he was uncooperative, denying that he had assisted the police following the shooting.

Based on the above testimony we hold the prosecutor’s remarks during jury argument constituted reasonable deductions from the evidence:  (1) J.F., who provided valuable information to the police officers at the scene of the offense, was afraid to testify at trial for fear of retaliation; and (2) a guilty verdict would send a message to appellant that he does not have “a hold on that neighborhood and have the people there living in fear.”  Because the remarks were proper, defense counsel was not ineffective in failing to object to them.

Point one is overruled and the trial court’s judgment is affirmed.

PER CURIAM

PANEL F: DAVID L. RICHARDS, J. (Sitting by Assignment); CAYCE, C.J.; and DAY, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: September 11, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.