IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 0571-03






DANIEL DALLAS HAWKINS, Appellant



v.



THE STATE OF TEXAS





ON DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


JEFFERSON COUNTY






 Womack, J., filed a concurring opinion in which HOLCOMB and
COCHRAN, JJ., joined.


 I join the opinion of the Court, which lays to rest the notion that the harmfulness of
an error depended in some way on whether it was contrary to "a mandatory statute." The
very term "mandatory statute" indicates the absence of thought behind it.

 The Court's opinion mentions another dictum that, although is not essential to
today's decision, is as nonsensical as the "mandatory statute." I refer to that which the
Court calls "our current jurisprudence" that "analyzes argument error by determining
whether an argument falls within four permissible areas," a "mode of analysis [that] began in
1973 with Alejandro v. State, which drew together various authorities into the current
framework." (1)

 The opinion for a narrow majority of the Court in Alejandro said:

 To receive the stamp of approval of this court, jury arguments need to be
within the areas of: (1) summation of the evidence, e.g., [citations to two
decisions]; (2) reasonable deduction from the evidence, e.g., [citations to two
decisions]; (3) answer to argument of opposing counsel, e.g., [citations to
two decisions]; and (4) plea for law enforcement, e.g.,[citations to two
decisions]. The arguments that go beyond these areas too often place before
the jury unsworn, and most times believable, testimony of the attorney. (2)


This surely is one of the most influential paragraphs in our jurisprudence, having been
quoted (or closely paraphrased) hundreds of times in the opinions of this court and the
courts of appeals. Its usefulness has not been much marred by its two flaws: it is obviously
untrue, and it is logically invalid.

 Anyone who has ever made, or even listened to, an argument in a criminal trial
knows that there are more proper arguments than the four that are listed in Alejandro. I
shall mention seven that are made in almost every trial: thanking the jury, telling the jury
what procedure is now taking place, telling the jury what procedure will take place when the
argument is concluded, re-reading portions of the charge of the court, explaining the charge
in layman's language, applying the law to the evidence, and distinguishing the evidence from
hypothetical cases to which the charge might apply. None of these arguments are on the
Alejandro list, but I'll wager that a case has never been tried to a jury in Texas in which at
least one of them has not been made, and made with unquestioned propriety. They do not
bring unsworn testimony before the jury.

 The unquestioned propriety of these, and other, arguments is why they went
unnoticed by the collector of the eight appellate decisions that were cited in Alejandro.
Appellate opinions can be about only rulings on complaints that parties made at trial, or
narrow classes of grave mistakes that a trial court committed without complaint. (3) If it were
true that in all the decisions of this Court appellants complained unsuccessfully about only
four classes of arguments, that could not justify the conclusion that only four classes of
arguments can withstand complaint. About many arguments, no one complains.

 Trying to define any class of proper procedures by looking at the decisions of
appellate courts is like trying to describe the health of a people by looking into a hospital.
If there is no problem, most cases don't go to either place. No one would believe the
statement, made in reliance on a survey of all hospital patients in the state, "All Texans fall
within four classes of health: the ill, the injured, the pregnant, and well babies." It might be
wise for a hospital to prepare itself for those kinds of cases, but that's not the same as
trying to deny that other kinds of people are in the population.

 I think we have survived the Alejandro dictum, despite its falsity and fallaciousness,
because most of the serious cases get proper treatment. But I would welcome the
correction of its statement about the four "areas" that "arguments need to be in" to "receive
the stamp of approval of this court," just as I welcome today's decision to end the
confusion about "mandatory statutes."


En banc.

Filed: May 19, 2004

Publish.






 
1. Ante, at 14 (italics omitted).
2. Alejandro v. State, 493 S.W.2d 230, 231-32 (Tex. Cr. App. 1973).
3. See generally Marin v. State, 851 S.W.2d 275, 277-80 (Tex. Cr. App. 1993).