COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-177-CR
  
  
LLOYD NASH PRIMES                                                            APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM THE 297TH DISTRICT COURT 
OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        A 
jury found appellant, Lloyd Nash Primes, guilty of aggravated assault and 
sentenced him to twenty years’ imprisonment. In one point on appeal, Primes 
complains that the trial court erred when it denied his motion for mistrial 
after the prosecutor “compared” him with Ted Bundy during the State’s 
closing argument at punishment. We will affirm.
II. Background Facts and Procedural History
        During 
the punishment phase of the trial, a prosecutor for the State made the following 
jury argument:
  
You have to send a clear signal to people like this because they think you’re 
not going to do anything to him. They think because the sympathy, you know, by 
bringing his mother in here and his grandmother in here that you’re going to 
say, you know what, he got to get back home. Who put himself in this situation. 
Who time and time again has had — she’s had to be brought in here in a 
wheelchair. Who has caused that. It’s a cause and effect. Every time he does 
something, they’re going to come to his rescue. Every time. And it’s a sad 
commentary but that’s a mama’s boy. You know, Ted Bundy’s mother loved 
him too. [Emphasis added.]
   
 
        Primes 
objected to the argument as “outside the scope of the evidence” and 
“inflammatory.” The trial court sustained Primes’s objection and 
instructed the jury to disregard the prosecutor’s comment but denied his 
motion for mistrial.
III. Jury Argument
        In 
his sole point on appeal, Primes contends that the trial court erred when it 
denied his motion for mistrial.
        To 
be permissible, the State’s jury argument must fall within one of the 
following four general areas: (1) summation of the evidence; (2) reasonable 
deduction from the evidence; (3) answer to argument of opposing counsel; or (4) 
plea for law enforcement. Felder v. State, 848 S.W.2d 85, 94-95 (Tex. 
Crim. App. 1992), cert. denied, 510 U.S. 829 (1993); Alejandro v. 
State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).
        When 
the trial court sustains an objection and instructs the jury to disregard but 
denies a defendant’s motion for a mistrial, the issue is whether the trial 
court abused its discretion in denying the mistrial. Hawkins v. State, 
135 S.W.3d 72, 77 (Tex. Crim. App. 2004). Only in extreme circumstances, where 
the prejudice caused by the improper argument is incurable, i.e., “so 
prejudicial that expenditure of further time and expense would be wasteful and 
futile,” will a mistrial be required. Id.; see also Simpson v. State, 
119 S.W.3d 262, 272 (Tex. Crim. App. 2003), cert. denied, 124 S. Ct. 2837 
(2004). An instruction to the jury to disregard an improper jury argument is 
generally sufficient to cure error. Shannon v. State, 942 S.W.2d 591, 597 
(Tex. Crim. App. 1996).
        In 
determining whether the trial court abused its discretion in denying the 
mistrial, we consider: (1) the severity of the misconduct (prejudicial effect), 
(2) curative measures, and (3) the certainty of the punishment assessed absent 
the misconduct. Hawkins, 135 S.W.3d at 77; Mosley v. State, 983 
S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), cert. denied, 
526 U.S. 1070 (1999).
        Assuming, 
without deciding, that the prosecutor’s argument was improper, we conclude 
that the trial court did not abuse its discretion when it denied Primes’s 
motion for mistrial. Contrary to Primes’s contention, the prosecutor’s 
argument did not “compare” Primes with Ted Bundy. See Guerrero-Lara v. 
State, No. 13-01-00099-CR, 2002 WL 1765543, at *4 (Tex. App.—Corpus 
Christi Aug. 1, 2002, no pet.) (not designated for publication) (reading 
prosecutor’s statement not as a comparison of appellant with Adolph Hitler and 
Charles Manson but as a statement “that all persons have good and bad 
days”); Alford v. State, Nos. 05-98-00262-CR, 05-98-00263-CR, 2000 WL 
175115, at *6-7 (Tex. App.—Dallas Feb. 16, 2000, no pet.) (not designated for 
publication) (stating that prosecutor used Ted Bundy “as an example to 
demonstrate that even people who commit repeated egregious acts may be hard 
working,” not to compare appellant with Bundy). Here, the prosecutor’s 
comment that “Ted Bundy’s mother loved him, too” merely pointed out to the 
jury that it is normal for a mother to love her child, even when they commit bad 
acts, and was intended by the prosecution to counter any sympathy for Primes 
invoked by the testimony of Primes’s mother, grandmother, and sister during 
the punishment phase of the trial. Further, the trial court, in response to a 
request by Primes’s defense counsel, promptly instructed the jury to disregard 
the prosecutor’s comment. Finally, as to the certainty of the punishment, the 
record supports the punishment assessed by the jury, absent the misconduct.[2]  There was evidence presented at trial that Primes 
twice struck the victim with a pipe and that both blows were aimed at the 
victim’s face. The first blow fractured the victim’s left arm while the 
second blow struck her in the face requiring stitches to close the laceration. 
At the time of trial, the victim testified that she was still experiencing pain 
and that she needed surgery on her arm. There was also evidence before the jury 
that Primes, on three prior occasions, had been convicted of assault and had 
once been convicted of burglary.
        We 
conclude, under the circumstances of this case, that the trial court’s 
instruction to disregard was effective and cured the prejudice, if any, caused 
by the prosecutor’s improper comment. Accordingly, we hold that the trial 
court did not abuse its discretion when it denied Primes’s motion for 
mistrial. See Hawkins, 135 S.W.3d at 77; Mosley, 983 S.W.2d at 
259.
IV. Conclusion
        We 
overrule Primes’s point and affirm the trial court’s judgment.
  
  
                                                                  BOB 
MCCOY
                                                                  JUSTICE
  
  
PANEL B:   LIVINGSTON, 
GARDNER, and MCCOY, JJ.
 
PUBLISH
 
DELIVERED: December 23, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.
2.  We 
note that the punishment assessed by the jury was at the lower end of the 
punishment range. Primes was convicted of aggravated assault, which was 
punishable by not less than two, or more than twenty years. See Tex. Penal Code Ann. § 12.33 (Vernon 
2003), § 22.02 (Vernon Supp. 2004-05). However, because the indictment 
contained an enhancement count, to which Primes pleaded “true,” Primes could 
have been sentenced to anywhere between five and ninety-nine years to life. See 
Tex. Penal Code Ann. § 12.32 
(Vernon 2003), § 12.42(b) (Vernon Supp. 2004-05).