**Robert ALEJANDRO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46383.**

Court of Criminal Appeals of Texas.

March 28, 1973.

Dissenting Opinion On Rehearing
April 11, 1973.

Rehearing Denied April 18, 1973.

---

Grady Hight, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., William W. Chambers, Charles E. Webb and Roger W. Crampton, Asst. Dist. Attys., Tim Curry, present Dist. Atty., Fort Worth, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant entered a plea of guilty to the offense of unlawful possession of a narcotic drug, to-wit: marihuana; punishment was assessed by the jury at 25 years.

Complaint is made that reversible error was committed when the prosecutor went outside the record in his closing jury argument.

The record shows that appellant's counsel argued for a probated sentence, and stated:

" . . . this defendant will be best served by giving him supervision, and if that supervision doesn't work, then of course he will be sent off to the penitentiary."

The prosecutor responded in his closing argument as follows:

"You can turn him back out on the street and let him report to a probation officer once a month—a probation officer that has 350 probationers.

"MR. GLADDEN: Objection, Your Honor.

"THE COURT: I'll overrule your objection.

"MR. WEBB: The law says that our probation officer in this court right here should have no more than 75 probationers, and he's got 350—

We've got a unit down there called the Ferguson Unit at the Texas Department of Corrections. The Ferguson Unit is for the first offenders. This man can get a Junior College education down there in the Ferguson Unit."

Such argument was clearly outside the record and was improper. Recently we have had an alarming number of improper jury arguments to consider [1] and it is hoped that the warning signal has been heard. Needless to say, the prosecutor sees all his trial work go for naught if the case has to be reversed because of improper jury argument.

In 56 Tex.Jur.2d, Trial, Section 271, p. 613, it is written:

"It is the duty of trial counsel to confine their arguments to the record; reference to facts that are neither in evidence nor inferable from the evidence is therefore improper."

To receive the stamp of approval of this court, jury arguments need to be within the areas of: (1) summation of the evidence, e.g., Ward v. State, Tex.Cr.App., 474 S.W.2d 471; Andrews v. State, 150 Tex.Cr.R. 95, 199 S.W.2d 510; (2) reasonable deduction from the evidence, e.g., Frazier v. State, Tex.Cr.App., 480 S.W.2d 375; Archer v. State, Tex.Cr.App., 474 S.W.2d 484; (3) answer to argument of opposing counsel, e.g., Turner v. State, Tex.Cr.App., 482 S.W.2d 277; Miller v. State, Tex.Cr. App., 479 S.W.2d 670; and (4) plea for law enforcement, e.g., Minafee v. State,

---

1. See, e. g., Lott v. State, Tex.Cr.App., 490 S.W.2d 600 (1973); Washington v. State, Tex.Cr.App., 488 S.W.2d 445 (1972); Hodge v. State, Tex.Cr.App., 488 S.W.2d 779 (1972); Stearn v. State, Tex.Cr.App., 487 S.W.2d 734 (1972).

Tex.Cr.App., 482 S.W.2d 273; Langham v. State, Tex.Cr.App., 473 S.W.2d 515. The arguments that go beyond these areas too often place before the jury unsworn, and most times believable, testimony of the attorney.

We hold that reversible error was committed by the improper jury argument. Compare Stearn v. State, supra, and cases cited therein.

In light of our disposition of the case on this ground, other grounds of error will not be discussed.

The judgment is reversed and the cause remanded.

ROBERTS, J., concurs in the results.

DOUGLAS, J., dissents.

DOUGLAS, Judge (dissenting).

This is an appeal for the unlawful possession of marihuana. Upon a plea of guilty, the jury assessed the punishment for possession of twelve bags of marihuana which was offered for sale at twenty-five years.

The record reflects that the appellant was admonished by the court of the consequences of his plea and that the plea was voluntarily made. The record reflects that the appellant showed undercover agents twelve packages of marihuana (enough to make 400 cigarettes) for which he said the price would be $144. He also told the agent that he was expecting about a pound of cocaine to be coming in that night or the next day. As soon as the narcotics officers entered the premises, the police officers knocked on the front door and served a search warrant on the appellant. The narcotics in question were seized.

Appellant took the stand and admitted the marihuana was his and that he had arranged for sale of marihuana to the two undercover agents.

The majority reverses this conviction because of the argument of the prosecutor. Before this argument was made, counsel for appellant argued for supervision under probation and the prosecutor countered that a probation officer had 350 probationers. When this argument was made, counsel stated: "Objection, Your Honor." There was no objection that this was outside the record but yet the majority reverses on that ground.

In Thurmond v. State, Tex.Cr.App., 445 S.W.2d 525, some objections were sustained and other general objections were overruled, and this Court held in part that the failure to specify any particular argument or give any grounds therefor upon "objecting" to the argument failed to reveal reversible error.

In Howe v. State, Tex.Cr.App., 380 S.W.2d 615, there was a blanket objection to the admission of testimony, "We object to that, Your Honor, at this time." Judge Morrison, in writing for the Court, held that such an objection was not sufficient to preserve error. See 56 Tex.Jur.2d, Trial, Sections 162–63.

The argument against probation was made after the appellant had admitted guilt. The jury assessed the punishment at twenty-five years. In Alexander v. State, Tex.Cr.App., 482 S.W.2d 862, three cases were tried at the same time. There the defendant contended that the jury was foreclosed from returning more than one probated sentence in three cases. Judge Roberts, speaking for the Court, wrote: "The issue of probation was submitted to the jury in each case and a verdict of 35 years was returned in each case. Therefore, the question is moot as to whether or not the jury could or would have granted probation."

In the present case the jury assessed the punishment at twenty-five years and under the decision of Alexander v. State, supra, the question as to the argument on probation is moot.

Under Article 42.12, Vernon's Ann.C.C.P., probation cannot be assessed where the punishment is in excess of ten years. It is inconceivable that the jury would add more than fifteen years for the statement of the prosecutor even if it be construed that the argument was not invited. No reversible error is shown.

The judgment should be affirmed.

## DISSENTING OPINION TO THE ORDER OVERRULING THE STATE'S MOTION FOR LEAVE TO FILE MOTION FOR REHEARING

DOUGLAS, Judge.

The motion for leave to file the motion for rehearing should be granted and the reversal should be set aside for the reasons set forth in the dissenting opinion on original submission.

The majority opinion is in conflict with Alexander v. State, 482 S.W.2d 862, where this Court held where a defendant received more than ten years, the question of probation should not be considered. That decision should, if it can, be distinguished or it should be overruled.

In the present case the jury was charged under Article 42.12, Vernon's Ann.C.C.P., on probation. The court instructed the jury that probation could not be considered unless punishment was assessed at not more than ten years. Two forms of verdict were submitted to the jury. The first form was for the assessment of punishment without probation. The foreman of the jury signed this form after the jury had assessed the punishment at twenty-five years. After this the question of probation was not before the jury.

Further, for the purpose of informing trial judges and the attorneys who try to rely upon the decisions of this Court, the majority should either hold that a general objection to argument is sufficient for review or that such an objection is not sufficient. In the present case counsel stated to part of the argument relied upon for reversal, "Objection, Your Honor." In the recent case of Bain v. State, Tex.Cr.App., 492 S.W.2d 475 (1973), this Court, in a unanimous opinion, held that an "Objection, Your Honor" " . . . is too general and presents nothing for review."

In Verret v. State, Tex.Cr.App., 470 S.W.2d 883, the statement "Your Honor, we are going to object" was held to be too general to preserve error.

The present case is in conflict with the previous holdings of this Court. See 56 Tex.Jur.2d, Trial, Section 315.

The previous cases should be either followed, distinguished (if that is possible), or overruled.

For the above reasons, leave to file the State's motion for rehearing should be granted and the conviction should be affirmed.