PONS V. STATE

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-01-359-CR

JORGE L. PONS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jorge L. Pons was convicted of the offense of aggravated robbery and was sentenced by a jury to fifty years’ confinement and a fine of $3,500.  On appeal, appellant complains that the trial court erred in overruling his objection to an instance of jury argument he contends was improper.  We will affirm.

Background

The evidence showed that on the night of October 19, 2000, appellant and an accomplice, wearing a Halloween horror costume and an Al Gore mask,  robbed a convenience store clerk at a Fort Worth EZ mart, taking cash and lottery tickets.  During their attempted getaway in a car driven by a third accomplice, they were chased by a Fort Worth Police Department patrol officer until they abandoned the car and fled on foot.  Latent fingerprints on lottery tickets found inside the abandoned vehicle were matched to appellant.  The lottery tickets found in the vehicle were also linked by their sequence numbers to lottery tickets in the store. 

T
he Issue

Loyd Courtney, a latent fingerprint examiner employed by the Fort Worth Police Department, testified that appellant’s fingerprints matched the latent prints recovered from the lottery tickets.  During final argument at the guilt/innocence stage of the trial, defense counsel argued that Courtney may have been mistaken in his match:

[DEFENSE COUNSEL]:  There’s some things that need to be considered.  I will agree that the strongest piece of evidence that the State has is the fact that according to the testimony the lottery ticket found in the – in the Buick has a fingerprint or fingerprint on it from Mr. Pons.  Now then, that leads us to some questions about whether you can rely on that testimony.

. . . .

Fingerprinting on the other hand is not a science.  It’s not capable of replication in the way that I just explained.  It’s in fact subjective.  It is based – subjective means in the head of the person doing it, meaning that not all of such heads would agree.

Now, Mr. Courtney has told you that in his experience he’s never been wrong.  

. . . .

That of course violates perhaps your everyday common experience and understanding that even computers make mistakes.  People certainly do.  

In response, the prosecutor made the statement appellant now contends 

was improper:

[PROSECUTOR]: . . . Certainly, ladies and gentleman, that evidence concerning those fingerprints is very important to this case because that’s the one thing that connects identification of Mr. Pons.  And though the – the defense has no burden of proof, they do have subpoena power, and if they wanted to challenge those fingerprints they could have brought an expert in here before you – 

Defense counsel’s objection that this statement improperly attempted to shift the burden of proof to the defense was overruled by the trial court. 

A response to an argument of opposing counsel has long been recognized to be a proper area of prosecution jury argument.  
See Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).  Moreover, references by a prosecutor to the defendant’s failure to call expert witnesses to rebut forensic evidence are appropriate.  
See Jackson v. State
, 17 S.W.3d 664, 674 (Tex. Crim. App. 2000) (holding comment on defendant’s failure to call expert to rebut State’s DNA evidence was proper).  Because the prosecutor’s argument in the instant case was a proper answer to argument from opposing counsel, we overrule appellant’s point and affirm the trial court’s judgment.

DAVID L. RICHARDS

JUSTICE

PANEL F: CAYCE, C.J.; DAY, J.; and DAVID L. RICHARDS, J. (Sitting by Assignment).

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[DELIVERED JANUARY 30, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.