Cody Ray Hash

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-422-CR

CODY RAY HASH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 90
TH
 DISTRICT COURT OF YOUNG COUNTY

------------

MEMORANDUM 
OPINION
(footnote: 1)

------------

A jury convicted Appellant Cody Ray Hash of aggravated robbery and sentenced him to forty years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  Appellant brings two points on appeal complaining of improper jury argument.  Because we hold that the trial court did not reversibly err, we affirm the trial court’s judgment.  

Appellant argues in his first point that the State improperly invited the jury to consider the effects of parole.  During the punishment phase of the trial, the State argued,

All of this combined together I’m asking, to protect the families of this community, that you sentence this defendant to forty years in prison.  Forty years.  He’ll have a life, he’ll have a life when he gets out.  Be a long time, but the mind—

Appellant objected that the State was inviting the jury to consider parole as a factor in sentencing.  The trial court sustained the objection and instructed the jury to disregard the prosecutor’s statements.  The trial court overruled Appellant’s motion for mistrial.  

An instruction to disregard the improper argument generally cures any prejudicial effect of it.
(footnote: 2)  Appellant does not argue that the instruction did not cure the error, nor does he argue that the trial court erred in denying his motion for mistrial.  Because the trial court’s instruction was sufficient to cure any prejudicial effect of the argument, we overrule Appellant’s first point on appeal. 

In his second point, Appellant contends that the trial court erred in overruling his objection to the prosecutor’s uninvited argument.  At trial, Appellant testified that he robbed the complainant, a motel clerk, but only because he had to pay a drug debt and feared for the safety of his family and his own safety if he did not pay the debt.  Appellant stated that he committed other burglaries and other aggravated robberies on the night that he committed the instant offense for the same reasons.  He also stated that he had previously been convicted in 1998 of a 1997 burglary, but that he had not committed that offense under duress or fear.  During final argument at the guilt stage of the trial, Appellant’s attorney argued the affirmative defense of duress charge to the jury.  The prosecutor, in turn, argued, 

He would like for you to say or think that this crime came specifically from the threat from the drug.  He would not have done it except for the threat of the money.  But yet he’s already done a burglary before, as evidenced here, and he had no explanation for that.

Appellant objected that the argument was “directly counter to the Court’s instruction not to consider extraneous offense or propensity to a crime—.“  The trial court overruled his objection.  The State claims that its argument was simply a summary of the evidence that had already been admitted before the jury without an objection.   

To be permissible, the State’s jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement.
(footnote: 3) 
 
If a jury argument exceeds the bounds of proper argument, the trial court’s erroneous overruling of a defendant’s objection cannot be reversible error unless, in light of the record as a whole, the argument had a substantial and injurious effect or influence on the jury’s verdict.
(footnote: 4) 

The prosecutor did not merely summarize the evidence.  The statement—“He’s already done a burglary before, as evidenced here, and he had no explanation for that”—clearly invites the jury to consider the 1997 burglary and subsequent conviction as evidence of guilt in the case now before us.  The trial court erred in overruling Appellant’s objection to the argument.

We must now determine whether, 
in light of the record as a whole, the argument had a substantial and injurious effect or influence on the jury’s verdict.
(footnote: 5) 
 Appellant admitted from the outset of the trial that he had committed the robbery.  The only issue was whether he had committed the robbery under the duress of having to pay his debt to his drug dealer.  Considering the record as a whole, we cannot say that the improper argument substantially undermined Appellant’s defense or 
had a substantial and injurious effect or influence on the jury’s
 verdict on guilt or punishment.  We overrule Appellant’s second point on appeal.

Having overruled Appellant’s two points on appeal, we affirm the trial court’s judgment.  

LEE ANN DAUPHINOT

JUSTICE

PANEL A: DAY, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

T
ex. 
R
. 
A
pp.
 P. 47.2(b)

[DELIVERED FEBRUARY 6, 2003]

FOOTNOTES
1:
See 
T
ex. 
R
. App. P. 
47.4.

2:
Jackson v. State
, 50 S.W.3d 579, 590 (Tex. App.—Fort Worth 2001, pet. ref’d);
 Faulkner v. State
, 940 S.W.2d 308, 315 (Tex. App.—Fort Worth 1997, pet. ref’d) (en banc op. on reh’g).

3:
Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).  

4:
T
ex.
R
. 
A
pp. 
P
. 
44.2(b); 
Martinez v. State
, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); 
Mosley v. 
State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999)
.

5:
T
ex. 
R
. 
A
pp. 
P
. 
44.2(b); 
Martinez
, 17 S.W.3d at 692-93; 
Mosley
, 983 S.W.2d at 259.