COURT OF
APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-422-CR
CODY RAY HASH                                                                                
APPELLANT
V.
THE STATE OF TEXAS                                                                                
STATE
------------
FROM THE 90TH DISTRICT
COURT OF YOUNG COUNTY
------------
MEMORANDUM
OPINION(1)
------------
A jury convicted Appellant Cody Ray Hash
of aggravated robbery and sentenced him to forty years' confinement in the
Institutional Division of the Texas Department of Criminal Justice. Appellant
brings two points on appeal complaining of improper jury argument. Because we
hold that the trial court did not reversibly err, we affirm the trial court's
judgment.
Appellant argues in his first point that
the State improperly invited the jury to consider the effects of parole. During
the punishment phase of the trial, the State argued,

 All of this combined together I'm
 asking, to protect the families of this community, that you sentence this
 defendant to forty years in prison. Forty years. He'll have a life, he'll have
 a life when he gets out. Be a long time, but the mind --

Appellant objected that the State was
inviting the jury to consider parole as a factor in sentencing. The trial court
sustained the objection and instructed the jury to disregard the prosecutor's
statements. The trial court overruled Appellant's motion for mistrial.
An instruction to disregard the improper
argument generally cures any prejudicial effect of it. (2)
Appellant does not argue that the instruction did not cure the error, nor does
he argue that the trial court erred in denying his motion for mistrial. Because
the trial court's instruction was sufficient to cure any prejudicial effect of
the argument, we overrule Appellant's first point on appeal.
In his second point, Appellant contends
that the trial court erred in overruling his objection to the prosecutor's
uninvited argument. At trial, Appellant testified that he robbed the
complainant, a motel clerk, but only because he had to pay a drug debt and
feared for the safety of his family and his own safety if he did not pay the
debt. Appellant stated that he committed other burglaries and other aggravated
robberies on the night that he committed the instant offense for the same
reasons. He also stated that he had previously been convicted in 1998 of a 1997
burglary, but that he had not committed that offense under duress or fear.
During final argument at the guilt stage of the trial, Appellant's attorney
argued the affirmative defense of duress charge to the jury. The prosecutor, in
turn, argued,

 He would like for you to say or think
 that this crime came specifically from the threat from the drug. He would not
 have done it except for the threat of the money. But yet he's already done a
 burglary before, as evidenced here, and he had no explanation for that.

Appellant objected that the argument was
"directly counter to the Court's instruction not to consider extraneous
offense or propensity to a crime--." The trial court overruled his
objection. The State claims that its argument was simply a summary of the
evidence that had already been admitted before the jury without an objection.
To be permissible, the State's jury
argument must fall within one of the following four general areas: (1) summation
of the evidence; (2) reasonable deduction from the evidence; (3) answer to
argument of opposing counsel; or (4) plea for law enforcement.
(3) If a jury argument exceeds the bounds of proper argument, the
trial court's erroneous overruling of a defendant's objection cannot be
reversible error unless, in light of the record as a whole, the argument had a
substantial and injurious effect or influence on the jury's verdict.
(4)
The prosecutor did not merely summarize
the evidence. The statement--"He's already done a burglary before, as
evidenced here, and he had no explanation for that"--clearly invites the
jury to consider the 1997 burglary and subsequent conviction as evidence of
guilt in the case now before us. The trial court erred in overruling Appellant's
objection to the argument.
We must now determine whether, in light of
the record as a whole, the argument had a substantial and injurious effect or
influence on the jury's verdict. (5) Appellant
admitted from the outset of the trial that he had committed the robbery. The
only issue was whether he had committed the robbery under the duress of having
to pay his debt to his drug dealer. Considering the record as a whole, we cannot
say that the improper argument substantially undermined Appellant's defense or
had a substantial and injurious effect or influence on the jury's verdict on
guilt or punishment. We overrule Appellant's second point on appeal.
Having overruled Appellant's two points on
appeal, we affirm the trial court's judgment.
 
                                                                               
LEE ANN DAUPHINOT
                                                                               
JUSTICE
 
PANEL A: DAY, DAUPHINOT, and HOLMAN, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED FEBRUARY 6, 2003]

1. See Tex. R. App. P. 47.4.
2. Jackson v. State, 50 S.W.3d 579, 590 (Tex.
App.--Fort Worth 2001, pet. ref'd); Faulkner v. State, 940 S.W.2d 308,
315 (Tex. App.--Fort Worth 1997, pet. ref'd) (en banc op. on reh'g).
3. Felder v. State, 848 S.W.2d 85, 94-95 (Tex.
Crim. App. 1992), cert. denied, 510 U.S. 829 (1993); Alejandro v.
State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).
4. Tex.R. App. P. 44.2(b); Martinez v. State, 17
S.W.3d 677, 692-93 (Tex. Crim. App. 2000); Mosley v. State, 983 S.W.2d
249, 259 (Tex. Crim. App. 1998) (op. on reh'g), cert. denied, 526 U.S.
1070 (1999).
5. Tex. R. App. P. 44.2(b); Martinez, 17 S.W.3d
at 692-93; Mosley, 983 S.W.2d at 259.