11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

Donyesta Antonio Lang

Appellant

Vs.       Nos. 11-02-00203-CR,
11-02-00204-CR, 11-02-00205-CR, & 11-02-00206-CR B 

Appeals from Dallas
County

 

State of Texas

Appellee

 

The jury
convicted appellant, upon his pleas of guilty, of one offense of theft[1]
and three offenses of aggravated robbery.[2]  The jury assessed his punishment at
confinement for 4 years for the theft conviction[3]
and for 12 years in each of the aggravated robbery convictions.[4]  In Cause No. 11-02-00204-CR, the jury
assessed a $1,000 fine.  We affirm.

                                                              Contention
on Appeal

In his
sole point of error in each case, appellant contends that the trial court erred
in overruling his objection to the State=s closing argument in the punishment phase.  Specifically, appellant argues that the prosecuting attorney was
allowed to inject her personal opinion in her closing argument.  

                                                                Background
Facts

Conrad Bongo,[5]  general sales manager with Richardson Volvo,
testified that appellant Awas very, very interested@ in a 1998 Volvo S90.  Bongo
went to talk to the lady who had come to the showroom with appellant.  When Bongo returned, appellant had driven
off in the vehicle. 








Andy Taing[6]
was the Oak Lawn 7-Eleven store manager. 
Taing testified that, on September 28, 2001, he went to the front of the
store to help his associates during the lunch rush.  Suddenly, the two associates ran to the bathroom and locked the
door while several customers ran into the cooler.  Taing saw a robber dressed as a woman Aswinging around@ a rifle.  The robber threw a
cloth shopping bag across the counter and demanded money.  Taing testified that he was shaking when he
filled the bag with the available cash.  Taing stated that there was $150-$158 in the bag that he handed
the robber.  

Ebrima
Saho[7]
testified that, while he was working as a sales associate at the
Abrams/Skillman 7-Eleven store on October 1, 2001, a robber entered the store Awearing this female outfit.@  The
robber Awent around the store@ and then pulled a gun.  When the robber pointed his gun at Saho,
Saho and several customers ran to the back room and locked the door.  Saho watched the robber through a Ahole@ in the wall.  When he could not
open the cash register, the robber fired his gun at the register.  The robber was still unable to open the
register and left with his bag.

Karen E.
Wilson[8]
was a trainee at the LBJ/Greenville Whataburger on October 5, 2001.  Wilson was sitting in the office when a man
opened the office door and pointed a gun in her face.  Everyone else in the store had run off.  The man acted very casual as if he did this Aevery day for a living.@ 
Wilson placed Aa
couple hundred bucks@ in
the robber=s bag.

Appellant
testified that he had robbed fast-food businesses and 7-Eleven stores with his
rifle at least 21 times.  Appellant
stated that the only time the rifle fired was by accident.  When the rifle fired, he ran out of the
store with his cousin and his cousin=s little boy.  Appellant stated
that he knew what he did was wrong, that if he could do it all over again he
would not let anyone influence him, and that he had learned a lot in jail.  Appellant also described how he was
apprehended after a high-speed chase through five or six cities at speeds up to
140 mph.

                                                                   Jury
Argument

In the
State=s opening argument on punishment, the
prosecuting attorney argued that just because community supervision is an
option does not mean it is appropriate. 
She went on to argue that community supervision was not appropriate for
this situation.  

Defense
counsel then stated that, while appellant did Asome horrible, despicable things,@ the jury should not act out of revenge.  Defense counsel reminded the jury that the testimony showed that
appellant was not a man with a bad childhood with a history of Arobbing, stealing, raping@ but that he was instead a Arespectful, polite, religious young man@ who cooperated with the detectives on these
cases.  Defense counsel then asked the
jury to assess punishment at two years confinement.

In the
State=s final argument, the prosecuting attorney
highlighted the testimony from the victims of the various robberies, arguing
that appellant=s actions did not support a light
sentence.  The following then occurred:

[PROSECUTOR]:  That says it all.  I mean, in 20 years [referring to the testimony of a detective
who said he had not seen anything like these robberies in his 20 years as a
peace officer], you've got two cases, that says everything about the severity
of this case, about the dangerousness of this defendant, about the necessity to
make sure he's off our streets.  

 

You know,
I don't know, oftentimes, people want to know a year, want to know the
number.  I'll ‑‑ I'll tell
you what I think, and y'all can do with it what you want.  I think if you want to give him any credit
at all, then you can give him 60 or more. 
I think it's a life case.  I
don't even think there's even an issue here, and I think that if anybody really
truly ‑‑

 

[DEFENSE
COUNSEL]:  Your Honor, I apologize, but
I'll  have to object to what she thinks.

 

            
THE COURT:  Overruled.

 

[PROSECUTOR]:  And if anybody truly, truly could comprehend
this type of crime, you wouldn't have any 
questions at all, not at all. 
And there's not a one of you here who said rehabilitation first.  This is not a case for  rehabilitation.  It's a case for deterrence and punishment. 

 

The
deterrence here is so key. 

 

                                                                  Applicable
Law

Appellant
contends that the State was allowed to inject statements not supported by the
evidence:  the prosecuting attorney=s opinion of what sentence should be
assessed.  We disagree.

Proper
jury argument falls within the following areas: summation of the evidence;
reasonable deductions from the evidence; answers to the arguments of opposing
counsel; and pleas for law enforcement. 
Wesbrook v. State, 29 S.W.3d 103, 115 (Tex.Cr.App.2000), cert. den=d, 532 U.S. 944 (2001); McKay v. State, 707 S.W.2d 23, 37
(Tex.Cr.App.1985); Todd v. State, 598 S.W.2d 286 (Tex.Cr.App.1980); Alejandro
v. State, 493 S.W.2d 230, 231-32 (Tex.Cr.App.1973).  The argument must be reviewed in light of the record as a whole
to determine if it was extreme or manifestly improper, if it violated a
mandatory statute, or if it injected new facts harmful to the defendant.  Wesbrook v. State, supra; Todd v. State,
supra.

After
reviewing the argument in the light of the entire record, we do not find that
the argument injected new facts, was manifestly improper or extreme, or
violated a mandatory  statute. The State=s argument was a response to defense counsel=s argument and was a plea for law
enforcement.  The trial court did not
err in overruling appellant=s objection.  The sole point of
error is overruled.

                                                                This
Court=s Ruling

The
judgments of the trial court are affirmed.     

 

PER
CURIAM

 

May 1, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.











[1]Cause No. 11-02-00203-CR.  TEX. PENAL CODE ANN. '
31.03 (Vernon 2003) defines the offense of theft and declares it to be a third
degree felony.





[2]Cause Nos. 11-02-00204-CR, 11-02-00205-CR, and
11-02-00206-CR.  TEX PENAL CODE ANN. ' 29.03 (Vernon 2003) defines the offense of aggravated
robbery and declares it to be a first degree felony.





[3]TEX. PENAL CODE ANN. '
12.34 (Vernon 2003) provides that a person convicted of a third degree felony
shall be confined for a term of not more than 10 but not less than 2
years.  An optional fine not to exceed
$10,000 is also authorized.





[4]TEX. PENAL CODE ANN. '
12.32 (Vernon 2003) provides that a person convicted of a first degree felony
shall be confined for life or for a term of not more than 99 years but not less
than 5 years.  An optional fine not to
exceed $10,000 is also authorized.





[5]The victim in Cause No. 11-02-00203-CR.





[6]The victim in Cause No. 11-02-00206-CR.





[7]The victim in Cause No. 11-02-00204-CR.  





[8]The victim in Cause No. 11-02-00205-CR.