COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-345-CR
  
  
DEMARCUS 
TEMPLETON                                                       APPELLANT
A/K/A 
KEVIN JOE HILL
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Demarcus 
Templeton appeals his conviction for aggravated robbery with a deadly 
weapon.  In one point on appeal, he complains that the prosecutor’s jury 
argument during the punishment phase was outside the record.  We affirm.
        At 
the conclusion of the punishment phase of trial, the prosecutor made the 
following argument:
   
When we’re trying to decide what to do to a person who has committed an 
offense like this, there are several different things that I think are 
important.  One is, let’s look at what happened.  Let’s look at 
the actual crime itself.  Was this the type of thing that was provoked by 
another person?  Is this a drunken bar fight?  Is this joyriding in a 
car?  Is this -- did Kyle Gleason do anything to deserve what she got on 
that night?  We all know the answer is no.  We also know by the 
evidence that he was not under the influence of anything that night.  No 
drugs, no alcohol.  He did this himself.  We’ve all heard the adage, 
if you do the crime, you do the time.  And that’s what we are going to be 
asking for.  It’s not like he didn’t know that this was an illegal 
act.  It’s not like this was some minor entry-level offense.  This 
is about as bad as it gets.  Because what do you have?  You have an 
innocent person being terrified for her life.  And for what?  Because 
he wants money.  And for what?  Well, who knows.  Perhaps he 
needs to go buy himself another sweatshirt.
 
If 
you had heard evidence in this case from his family or from some person who has 
treated him for drug or alcohol abuse it might give you some idea of why 
something like this could happen.  We didn’t hear anything like that.  
And that speaks louder than I think anything else.  What do we know about 
his family?  Well, we know that they are working, that they have jobs, and 
that they’ve shown charity to other family members by taking them into the 
home.  Exactly the kind of people that are good people.  All 
right?  It speaks volumes that they are not here to say anything on his 
behalf.  Perhaps they’ve had enough themselves.
 
Appellant 
asserts that the trial court erred by overruling his objections to those 
portions of the prosecutor’s argument highlighted above, which he claims were 
outside the record.
        To 
be permissible, the State’s jury argument must fall within one of the 
following four general areas: (1) summation of the evidence, (2) reasonable 
deduction from the evidence, (3) answer to argument of opposing counsel, or (4) 
plea for law enforcement.  Alejandro v. State, 493 S.W.2d 230, 231 
(Tex. Crim. App. 1973).  Prosecutors may comment on the defendant’s 
failure to produce witnesses and evidence so long as the remark does not fault 
the defendant for exercising his right not to testify.  Jackson v. State, 
17 S.W.3d 664, 674 (Tex. Crim. App. 2000) (citing Patrick v. State, 906 
S.W.2d 481, 491 (Tex. Crim. App. 1995), cert. denied, 517 U.S. 1106 
(1996) and Livingston v. State, 739 S.W.2d 311, 338 (Tex. Crim. App. 
1987), cert. denied, 487 U.S. 1210 (1988); Harris v. State, 122 
S.W.3d 871, 884 (Tex. App.—Fort Worth 2003, pet. ref’d).
        The 
complained-of argument in this case did not fault appellant for exercising his 
right not to testify, and the prosecutor’s argument was within a proper 
category of argument as a reasonable deduction from the evidence.  
Therefore, we hold that the prosecutor’s comments about missing evidence and 
witnesses were reasonable deductions from the evidence.  Accordingly, we 
overrule appellant’s point and affirm the trial court’s judgment.
   
  
                                                          PER 
CURIAM
   
  
PANEL 
F:   GARDNER, WALKER, and MCCOY, JJ.
  
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
January 27, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.