MCCOLLUM V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

                                    
NOS. 2-04-516-CR

2-04-517-CR

DAVID WILLIAM MCCOLLUM APPELLANT

A/K/A DAVID WAYNE MCCOLLUM

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant David William McCollum a/k/a David Wayne McCollum appeals from his convictions for aggravated assault with a deadly weapon and unlawful possession of a firearm by a felon.  In his sole point Appellant complains that the trial court erred when it denied his motion for mistrial after the State’s improper closing argument.  We affirm.

Background Facts

Joe Wheat had been living with Holly Mitchell for approximately eleven years.  Mitchell used methamphetamine on a daily basis.  Eventually, Mitchell became romantically involved with Amanda Trujillo.  Appellant, Mitchell, and Trujillo would use methamphetamine together.  It was during a period of drug use that Appellant, Mitchell, and Trujillo devised a plan to kill Wheat.  Trujillo was going to give Appellant her Chevrolet Cavalier as payment for killing Wheat.  Wheat testified that he was asleep in his home when he woke up and saw someone standing outside his bedroom window.  He went to the window and saw a gun pointing in his face.  He grabbed the gun and it fired.  Wheat quickly determined that neither he nor Mitchell had been hurt.  Another shot then went off from further away from the house, again not hitting either Wheat or Mitchell.

Appellant was subsequently charged with aggravated assault with a deadly weapon and unlawful possession of a firearm by a felon.  The jury found Appellant guilty of each offense and assessed his punishment at sixty years’ imprisonment for aggravated assault with a deadly weapon, and twenty years’ imprisonment with a $10,000 fine for unlawful possession of a firearm by a felon.  The sentences are to run concurrently.

Jury Argument

In his sole point on appeal, Appellant contends that the trial court erred when it denied his motion for mistrial.  During the guilt-innocence phase of the trial, the prosecutor made the following closing argument:

If you take anything away from this trial, you--you--everybody is impressed on, everybody that comes in contact with it, it’s just the--the effect that drugs has on our community.  And, of course, this defendant is right there in the middle of it, 
cooking dope 
out there in B.R.A.  He’s got so much of it he’s just giving it away.  [Emphasis added.]

The trial court sustained Appellant’s objection and instructed the jury to disregard the prosecutor’s comment, but overruled Appellant’s motion for mistrial.

To be permissible, the State's jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement.  
Felder v. State
, 848 S.W.2d 85, 94-95 ( Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973). 

Assuming without deciding that the complained of jury argument did not fall within one of these areas, we will address whether the trial court abused its discretion in denying Appellant’s motion for mistrial.  
See Hawkins v. State
, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).  Only in extreme circumstances, where the prejudice caused by the improper argument is incurable, i.e., "so prejudicial that expenditure of further time and expense would be wasteful and futile," will a mistrial be required.  
Id
.; 
see also Simpson v. State
, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), 
cert. denied
, 124 S. Ct. 2837 (2004).  An instruction to the jury to disregard an improper jury argument is generally sufficient to cure error.  
Shannon v. State
, 942 S.W.2d 591, 597 (Tex. Crim. App. 1996).

In determining whether the trial court abused its discretion in denying the mistrial, we consider:  (1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the certainty of conviction absent the misconduct.  
Hawkins
, 135 S.W.3d at 77; 
Mosley v. State
, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g), 
cert. denied
, 526 U.S. 1070 ( 1999).

Appellant argues that the prosecutor’s closing argument injected prejudicial facts suggesting that Appellant was “cooking dope” and that these facts were outside the record, and that the improper argument had a substantial and injurious effect or influence on the jury's verdict.  Even assuming the argument was improper, when considering the entire record, including the severity of the misconduct, the curative measures taken by the trial court, and the certainty of Appellant's conviction, we cannot say that the prosecutor’s remarks were so prejudicial or so extreme that Appellant’s substantial rights were affected.  In fact, the jury had previously heard testimony that Trujillo, Mitchell, and Appellant would use methamphetamine together.  Trujillo testified that Appellant had given her drugs and had given drugs to other people in the neighborhood.  When Trujillo was asked if she knew Appellant was making the drugs, she stated, “I assumed that.”  Further, the trial court, in response to a request by Appellant’s counsel, promptly instructed the jury to disregard the prosecutor’s remark regarding “cooking dope.”

We conclude, under the circumstances of this case, that the trial court’s instruction to disregard was effective and cured the prejudice, if any, caused by the prosecutor’s comment.  Accordingly, we hold that the trial court did not abuse its discretion when it denied Appellant’s motion for mistrial.  
See Hawkins
, 135 S.W.3d at 77; 
Mosely
, 983 S.W.2d at 259.

We overrule Appellant’s sole point and affirm the trial court’s judgments. 

PER CURIAM

PANEL F:  HOLMAN, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  September 8, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.