COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-249-CR

 

 

JAMES LEE INGRAM                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I. Introduction

Appellant James Lee Ingram
appeals his conviction and sentence of nine months= confinement for possession of a controlled substance under one
gram.  In his sole point, appellant
contends that during the State=s closing argument, the prosecutor argued outside the record and
alleged facts that bolstered the State=s primary witness.  We affirm.








II. Background Facts

On November 23, 2004, the
Fort Worth Police Department SWAT team entered and searched a house on Tallman
Street pursuant to a search warrant. 
Once the SWAT team secured the house,[2]
the narcotics team conducted a search of the house and found no measurable
quantities of cocaine, but did find scales tainted with cocaine residue, two
guns, and around twenty lawn mowers.








Appellant arrived at the
house during the search.  Officer Roy
Hudson, an officer with the Fort Worth Police Department, approached appellant
in the front yard and asked him if he owned the house, and appellant said that
he did, but that he was leasing it to a relative.  Officer Hudson then asked appellant if he had
any identification and appellant gave him his driver=s license.  Officer Hudson then
called the police information center to check for outstanding warrants and he
was notified that appellant had several outstanding traffic warrants.  Officer Hudson then arrested appellant
pursuant to the arrest warrants and conducted a search incident to arrest.  While Officer Hudson was patting appellant
down, he found two small rocks of crack cocaine in appellant=s back left pocket.  After
Officer Hudson confronted appellant about the drugs, appellant stated, AYou placed_you placed those rocks on me.@  Appellant then changed his
story and said that the pants were not his pants. 

A jury found appellant guilty
of possession of a controlled substance of less than one gram and the trial
court sentenced him to nine months= confinement in a state jail facility.

III. Jury Argument

In his sole point, appellant
contends that during the State=s closing argument, the prosecutor argued outside the record and
improperly injected new facts.  The State
argues that appellant=s attorney
invited the argument because he argued that Officer Hudson planted the crack
cocaine on appellant. 

A. Standard of Review

To be permissible, the State=s jury argument
must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable
deduction from the evidence; (3) answer to argument of opposing counsel; or (4)
plea for law enforcement.  Felder v.
State, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), cert. denied,
510 U.S. 829 (1993); Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim.
App. 1973).








If a jury argument exceeds the bounds of proper argument,
the trial court=s erroneous overruling of a defendant=s objection is not
reversible error unless it affected the appellant=s substantial
rights.  Tex. R. App. P. 44.2(b); Martinez v. State, 17 S.W.3d
677, 692-93 (Tex. Crim. App. 2000); Mosley v. State, 983 S.W.2d 249, 259
(Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999).  In
determining whether the appellant=s substantial
rights were affected, we consider:  (1)
the severity of the misconduct (i.e., the prejudicial effect of the prosecutor=s remarks), (2)
curative measures, and (3) the certainty of conviction absent the
misconduct.  Martinez, 17 S.W.3d
at 692-93; Mosley, 983 S.W.2d at 259.

B. Applicable Facts

During appellant=s closing argument, appellant=s attorney focused on Officer Hudson=s testimony. 

It=s not so much about being
consistent as it is about being transparent. 
And what do I mean by transparent? 
If you want to keep everything on the up and up, if you want to play it
straight_and
when you get a warrant, you=ve got the SWAT team, you=re
playing it straight, you=re
not doing an undercover deal anymore, if you want to keep it straight, you want
to keep it on the up and up, you make it transparent.  You make it safe.  You say, AEverybody, watch.  Here=s what we=re
doing.@  Okay?  AI
want witnesses.@  Okay?  ABecause
we are going to shield ourselves from any claim, any claim whatsoever of
corruption or complicity or collusion or rigging things.@  

 








Of
course.  Because that=s a true_a true, thorough police officer in a planned event_and
this was a planned event, folks. 
Eighteen SWAT officers, 16 SWAT officers, planned event.  They had a briefing before.  Said, ALook, let=s make sure
there=s plenty of spotters around. 
Let=s make sure
everybody=s around so
that we=ll have this on the up and up, and if there=s really a case here, we can make it.@  Because that=s what real policemen do.  Real,
honest, ethical policemen who are not corrupt do that.  They say, AWe=re going to_we=re going to
do this straight, folks.@  Okay?  [Emphasis added.]

During the State=s
closing argument, the prosecutor responded to 

 

appellant=s
attorney=s
closing argument.

 

[STATE]: 
So what are we talking about?  We=re
talking about Officer Hudson, nine years with the Fort Worth Police
Department.  Three years as a parole
officer.  A year and a half as a drug
counselor.  Did you hear anything at all
about discipline problems? 

 

[DEFENSE COUNSEL]:  I object. 
I object.  That=s
outside the record, because his discipline record is not admissible, Your
Honor.

 

THE COURT: 
All right.

 

. . . .

 

[DEFENSE ATTORNEY]:  The discipline record is not admissible.

 

[STATE]:  He has power of
subpoena, Judge. 

 

[DEFENSE COUNSEL]:  We couldn=t get
it if we wanted it.

 

THE COURT:  All right.  Counsel_

 

[STATE]:  That=s
absolutely incorrect. Your Honor.

 

[DEFENSE COUNSEL]:  All right.
Counsel, argue within the record.

 

[STATE]: 
Thank you, Judge.  








You can infer from the evidence about what you
did hear and what you didn=t hear.  Both sides[,] we talked about this in voir
dire, have the power of subpoena for records to bring in here or even ask a
witness in good faith about something. 
Officer Hudson=s
record is spotless. 

 

[DEFENSE COUNSEL]:  I object. His record=s not
in evidence. I object.  That=s
outside the evidence

 

[STATE]: 
The evidence is there, Judge.

 

[DEFENSE COUNSEL]:  I object. I object.  I want a ruling on my objection.

 

Appellant=s attorney argued that Officer Hudson=s disciplinary records were not in evidence and were not mentioned
during the trial and therefore, the prosecutor should not have commented on the
records during closing argument. The State responded that the prosecutor was
merely responding to a comment made by appellant=s attorney during his closing argument.  After hearing arguments from both sides, the
trial court instructed the jury to Arecall@ the
evidence and then denied appellant=s objection.

C. Analysis

Appellant contends that the
prosecutor=s improper
jury argument bolstered Officer Hudson=s testimony and that without the additional facts, the jury may have
questioned Officer Hudson=s
truthfulness and acquitted appellant. 
The State argues that the prosecutor=s comments were invited by appellant=s counsel and therefore, the prosecutor=s argument was justified and permissible as an answer to argument of
opposing counsel. See Felder, 848 S.W.2d at 94. 








The invited-argument rule permits prosecutorial argument
outside the record in response to defense argument that goes outside the
record.  Wilson v. State, 938
S.W.2d 57, 60-61 (Tex. Crim. App. 1996), abrogated on other grounds by
Motilla v. State, 78 S.W.3d 352 (Tex. Crim. App. 2002).  A prosecutor may not stray beyond the scope
of the invitation, however.  Id.
at 61.  Even when an argument exceeds the
permissible bounds of these areas, the error is not reversible unless, in light
of the record as a whole, the argument is extreme or manifestly improper,
violative of a mandatory statute, or injects new facts harmful to the defendant
into the trial proceeding.  Hernandez
v. State, 171 S.W.3d 347, 357 (Tex. App._Houston [14th Dist.] 2005, pet. ref=d); see also
Wesbrook v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000), cert.
denied, 532 U.S. 944 (2001).  The
prosecutor=s remarks must have been a willful and
calculated effort to deprive the defendant of a fair and impartial trial.  Hernandez, 171 S.W.3d at 357. 








Appellant=s attorney
suggested an inference during closing arguments that Officer Hudson planted the
crack cocaine on appellant.  Thus, under
the invited argument rule, the prosecutor was permitted to argue outside the
record to respond to appellant=s attorney=s argument which
were outside the record.  See Wilson,
938 S.W.2d at 60-61.  After reviewing the
record, we hold that the prosecutor=s comments were proper as an answer to the argument of opposing
counsel.  Therefore, we overrule
appellant=s sole
point. 

IV. Conclusion 

Having overruled appellant=s sole point, we affirm the
trial court=s
judgment.   

 

 

 

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL A:   CAYCE,
C.J.; LIVINGSTON and MCCOY, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: April 13,
2006











[1]See Tex. R. App. P. 47.4.





[2]There
were people at the house at the time of the search.