INGRAM V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-249-CR

JAMES LEE INGRAM APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant James Lee Ingram appeals his conviction and sentence of nine months’ confinement for possession of a controlled substance under one gram.  In his sole point, appellant contends that during the State’s closing argument, the prosecutor argued outside the record and alleged facts that bolstered the State’s primary witness.  We affirm.

II. Background Facts

On November 23, 2004, the Fort Worth Police Department SWAT team entered and searched a house on Tallman Street pursuant to a search warrant.  Once the SWAT team secured the house,
(footnote: 2) the narcotics team conducted a search of the house and found no measurable quantities of cocaine, but did find scales tainted with cocaine residue, two guns, and around twenty lawn mowers.

Appellant arrived at the house during the search.  Officer Roy Hudson, an officer with the Fort Worth Police Department, approached appellant in the front yard and asked him if he owned the house, and appellant said that he did, but that he was leasing it to a relative.  Officer Hudson then asked appellant if he had any identification and appellant gave him his driver’s license.  Officer Hudson then called the police information center to check for outstanding warrants and he was notified that appellant had several outstanding traffic warrants.  Officer Hudson then arrested appellant pursuant to the arrest warrants and conducted a search incident to arrest.  While Officer Hudson was patting appellant down, he found two small rocks of crack cocaine in appellant’s back left pocket.  After Officer Hudson confronted appellant about the drugs, appellant stated, “You placedསྭyou placed those rocks on me.”  Appellant then changed his story and said that the pants were not his pants. 

A jury found appellant guilty of possession of a controlled substance of less than one gram and the trial court sentenced him to nine months’ confinement in a state jail facility.

III. Jury Argument

In his sole point, appellant contends that during the State’s closing argument, the prosecutor argued outside the record and improperly injected new facts.  The State argues that appellant’s attorney invited the argument because he argued that Officer Hudson planted the crack cocaine on appellant. 

A. Standard of Review

To be permissible, the State’s jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. 
 Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

If a jury argument exceeds the bounds of proper argument, the trial court’s erroneous overruling of a defendant’s objection is not reversible error unless it affected the appellant’s substantial rights.  
Tex. R. App. P. 
44.2(b); 
Martinez v. State
, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); 
Mosley v. State
, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).  In determining whether the appellant’s substantial rights were affected, we consider:  (1) the severity of the misconduct (i.e., the prejudicial effect of the prosecutor’s remarks), (2) curative measures, and (3) the certainty of conviction absent the misconduct.  
Martinez
, 17 S.W.3d at 692-93; 
Mosley
, 983 S.W.2d at 259.

B. Applicable Facts

During appellant’s closing argument, appellant’s attorney focused on Officer Hudson’s testimony. 

It’s not so much about being consistent as it is about being transparent.  And what do I mean by transparent?  If you want to keep everything on the up and up, if you want to play it straightསྭand when you get a warrant, you’ve got the SWAT team, you’re playing it straight, you’re not doing an undercover deal anymore, if you want to keep it straight, you want to keep it on the up and up, you make it transparent.  You make it safe.  You say, “Everybody, watch.  Here’s what we’re doing.”  Okay?  “I want witnesses.”  Okay?  “Because we are going to shield ourselves from any claim, any claim whatsoever of corruption or complicity or collusion or rigging things.”  

Of course.  Because that’s a trueསྭa true, thorough police officer in a planned eventསྭand this was a planned event, folks.  Eighteen SWAT officers, 16 SWAT officers, planned event.  They had a briefing before.  Said, “Look, let’s make sure there’s plenty of spotters around.  Let’s make sure everybody’s around so that we’ll have this on the up and up, and if there’s really a case here, we can make it.”  
Because that’s what real policemen do.  Real, honest, ethical policemen who are not corrupt do that.  They say, “We’re going toསྭwe’re going to do this straight, folks
.”  
Okay? 
 [Emphasis added.]

During the State’s closing argument, the prosecutor responded to 

appellant’s attorney’s closing argument.

[STATE]:  So what are we talking about?  We’re talking about Officer Hudson, nine years with the Fort Worth Police Department.  Three years as a parole officer.  A year and a half as a drug counselor.  Did you hear anything at all about discipline problems? 

[DEFENSE COUNSEL]:  I object.  I object.  That’s outside the record, because his discipline record is not admissible, Your Honor.

THE COURT:  All right.

. . . .

[DEFENSE ATTORNEY]:  The discipline record is not admissible.

[STATE]:  He has power of subpoena, Judge. 

[DEFENSE COUNSEL]:  We couldn’t get it if we wanted it.

THE COURT:  All right.  Counselསྭ

[STATE]:  That’s absolutely incorrect. Your Honor.

[DEFENSE COUNSEL]:  All right. Counsel, argue within the record.

[STATE]:  Thank you, Judge.  

You can infer from the evidence about what you did hear and what you didn’t hear.  Both sides[,] we talked about this in voir dire, have the power of subpoena for records to bring in here or even ask a witness in good faith about something.  Officer Hudson’s record is spotless. 

[DEFENSE COUNSEL]:  I object. His record’s not in evidence. I object.  That’s outside the evidence

[STATE]:  The evidence is there, Judge.

[DEFENSE COUNSEL]:  I object. I object.  I want a ruling on my objection.

Appellant’s attorney argued that Officer Hudson’s disciplinary records were not in evidence and were not mentioned during the trial and therefore, the prosecutor should not have commented on the records during closing argument. The State responded that the prosecutor was merely responding to a comment made by appellant’s attorney during his closing argument.  After hearing arguments from both sides, the trial court instructed the jury to “recall” the evidence
 
and then denied appellant’s objection.

C. Analysis

Appellant contends that the prosecutor’s improper jury argument bolstered Officer Hudson’s testimony and that without the additional facts, the jury may have questioned Officer Hudson’s truthfulness and acquitted appellant.  The State argues that the prosecutor’s comments were invited by appellant’s counsel and therefore, the prosecutor’s argument was justified and permissible as an answer to argument of opposing counsel. 
See 
Felder
, 848 S.W.2d at 94.
 

The invited-argument rule permits prosecutorial argument outside the record in response to defense argument that goes outside the record.  
Wilson v. State
, 938 S.W.2d 57, 60-61 (Tex. Crim. App. 1996), 
abrogated on other grounds by Motilla v. State
, 78 S.W.3d 352 (Tex. Crim. App. 2002).  A prosecutor may not stray beyond the scope of the invitation, however.  
Id.
 at 61.  Even when an argument exceeds the permissible bounds of these areas, the error is not reversible unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the defendant into the trial proceeding.
  Hernandez v. State
, 171 S.W.3d 347, 357 (Tex. App.སྭHouston [14th Dist.] 2005, pet. ref’d); 
see also Wesbrook v. State
, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000), 
cert. denied
, 532 U.S. 944 (2001).  The prosecutor’s remarks must have been a willful and calculated effort to deprive the defendant of a fair and impartial trial.  
Hernandez
, 171 S.W.3d at 357.
 

Appellant’s attorney suggested an inference during closing arguments
 that Officer Hudson planted the crack cocaine on appellant.  Thus, under the invited argument rule, the prosecutor was permitted to argue outside the record to respond to appellant’s attorney’s argument which were outside the record.
  See Wilson
, 938 S.W.2d at 60-61.  After reviewing the record, we hold that t
he prosecutor’s comments were proper as an answer to the argument of opposing counsel.  Therefore, we overrule appellant’s sole point. 

IV. Conclusion 

Having overruled appellant’s sole point, we affirm the trial court’s judgment. 

TERRIE LIVINGSTON

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: April 13, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
There were people at the house at the time of the search.