COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-06-201-CR

 

 

JOHN ANDREW NAPOLEON                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 43RD DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction

Appellant John Andrew
Napoleon appeals his felony conviction and life sentence for escape from
custody.  In two points, appellant
asserts that the trial court abused its discretion by overruling appellant=s challenge for cause of Juror Corey Todd Hall and by overruling
appellant=s objection
to the prosecutor=s improper
jury argument.  We affirm.  








II.  Background Facts  

Appellant was incarcerated at
the Parker County Jail and often worked as an Aoutside trustee@ at the
Parker County wood-working shop.  On
November 4, 2005, while working at the shop, appellant left the custody of his
supervising jailor during lunch and got in a car driven by his friend and her
boyfriend.  An extensive manhunt ensued
throughout Tarrant and Johnson counties. 
While police officers were at the home of Barbara Murphree, an alleged
friend of appellant, appellant walked into the living room and
surrendered.  Appellant claimed that he
was in pain because he had fallen from the roof of Murphree=s home while attempting to escape.

Appellant entered an open
plea of guilty to the offense and true to the enhancement allegations in the
indictment.  He elected to have the jury
assess his punishment.  The jury assessed
appellant=s punishment
at life imprisonment. This appeal followed. 


III.  Appellant=s First Point








During voir dire, appellant=s trial counsel asked prospective jurors if they would be prejudiced
against appellant because of his membership in the Aryan Brotherhood.  Appellant asserts that Juror Corey Todd Hall
exhibited a prejudice against him during this questioning, and therefore, the
trial court abused its discretion by overruling appellant=s challenge for cause regarding this juror.  We disagree.

A.  Applicable Law

Before an appellant can claim
that he was harmed by a trial court=s denial of a defense challenge for cause, the record must show that
(1) he exhausted all of his peremptory challenges, (2) he requested more
challenges, (3) his request was denied, and (4) he identified an objectionable
person seated on the jury against whom he would have exercised a peremptory
challenge.  Martinez v. State, 17
S.W.3d 677, 682 (Tex. Crim. App. 2000); Anson v. State, 959 S.W.2d 203,
204 (Tex. Crim. App. 1997), cert. dism=d, 525 U.S. 924 (1998); Broussard v.
State, 910 S.W.2d 952, 956-57 (Tex. Crim. App. 1995), cert. denied,
519 U.S. 826 (1996).      

B.  Discussion








The record here is devoid of the entire portion of voir dire showing
how the parties used their peremptory strikes and challenges for cause.  Therefore, we are unable to determine if
appellant exhausted his peremptory challenges, requested more challenges, and
was denied those challenges.  See
Martinez, 17 S.W.3d at 682; Anson, 959 S.W.2d at 204.  However, we are able to determine that
appellant never identified an objectionable juror who ultimately sat on the
jury.  Because appellant did not identify
an objectionable person seated on the jury, he did not show that he was harmed
by the trial court=s denial of
his challenge for cause.  See Martinez,
17 S.W.3d at 682; Anson, 959 S.W.2d at 204.  Accordingly, we overrule appellant=s first
point.   

IV.  Appellant=s Second Point

In his second point, appellant argues that the trial court
abused its discretion by overruling appellant=s objection to the
prosecutor=s jury argument. 

A.  Standard of
Review

To be permissible, the State=s jury argument
must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable
deduction from the evidence; (3) answer to argument of opposing counsel; or (4)
plea for law enforcement.  Felder v.
State, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), cert. denied, 510
U.S. 829 (1993); Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim.
App. 1973). 

B.  Discussion

During the State=s closing
argument, the following exchange occurred:

[STATE]:
And let=s be clear, the, AI=m sorry boss, I=m done, I surrender, I=m done,@ yeah, that was after he fell off
the roof when he was running from the cops.

 

[DEFENSE
COUNSEL]: Objection, Your Honor, that is outside the record.

 

THE
COURT: Sustained.

 








[STATE]:
That was after he fell off the roof after he saw a patrol car, based upon the
testimony that you heard.

 

[DEFENSE
COUNSEL]: Objection.  That=s outside the record, too.

 

THE
COURT: Overruled.

 

[STATE]:
When he puked in the back of the patrol car because he was in so much pain, you
can decide for yourself what reason it is you felt the defendant gave himself
up.  But that was yet another time the
defendant claimed all these things that he was going to do and how he was
different and he was going to change.

 

Appellant
complains that the argument above was improper because it went outside the
record regarding why he surrendered to the police.  The State counters, and we agree, that the
following admitted testimony shows that the complained-of argument was not
outside the record:

[STATE:]
All right.  Tell this jury what happened
while you were talking with Barbara Murphree.

 

[INVESTIGATOR
GORDON:] What I recall most is where Barbara Murphree was seated, she turned
around and looked at her front door.  The
front door was open.  The storm door was
there.  And about that time, the door
opened up and John Napoleon walks in and said, ASorry boss, I=m done.  I=m done.@

 

.
. . .

 

[STATE:]
Did you take him into custody?

 

[INVESTIGATOR
GORDON:] Yes.

 

.
. . .

 








[STATE:]
Once you took the defendant into custody, did you note any physical problems
that he might have had?

 

[INVESTIGATOR
GORDON:] Yes.  He was complaining of
shoulder and arm pain, right side.

 

[STATE:]
Did he look to youCif you were to look at him, could
you tell he was in noticeable pain?

 

[INVESTIGATOR
GORDON:] He appeared to be in pain, yes.

 

[STATE:]
Did he tell you how he hurt his shoulder and elbowCor shoulder and arm?

 

[INVESTIGATOR
GORDON:] Fell off the roof.

 

[STATE:]
And did he tell you he fell off the roof while he was trying to dodge the
police?

 

[INVESTIGATOR
GORDON:] Yes.  Apparently he hadCthe way he explained it, is that
while on the roof he had saw a marked Fort Worth unit and thought they were
looking for him, and fell off the house or a tree or something trying to get
down.

 

[STATE:]
Upon being brought back into custody, to your knowledge, when the defendant was
transported back to Parker County, was he taken for medical care?

 

[INVESTIGATOR
GORDON:] Once he was brought to Parker County Sheriff=s Department?

 

[STATE:] Yes, sir. 

 

[INVESTIGATOR
GORDON:] I released him to jail personnel and I understand he was taken to the
hospital.

 

[STATE:]
And that reminds me.  It=s a pretty good trip back, was it
30 minutes or so back from Fort Worth over to Parker County Sheriff=s Department?








[INVESTIGATOR
GORDON:] It didn=t take that long.  Twenty, 30 minutes. 

 

[STATE:]
Okay.  Anything unusualCdid he do anything unusual in your
car on the way back?

 

[INVESTIGATOR
GORDON:] He started moving around which kind of got my attention.  But he ended up vomiting in the floorboard.

 

.
. . .

 

[STATE:]
Did he make any remarks to you as to why he had vomited?

 

[INVESTIGATOR
GORDON:] I would assume, and I think he indicates due to the pain that he was
in is what caused it.

 

Despite
appellant=s contentions, the comments the prosecutor
made during closing argument were merely a recitation of the admitted testimony
of Investigator Gordon, who took appellant back into custody.  Such is one of the proper areas of jury
argument.  See Jackson v. State,
17 S.W.3d 664, 673 (Tex. Crim. App. 2000) (holding that summation of admitted
evidence is proper in a jury argument). 
Accordingly, we overrule appellant=s second
point.  

 

 

 

 

 








V.  Conclusion

Having overruled appellant=s two points, we affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL
F: LIVINGSTON, GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
March 8, 2007











[1]See Tex. R. App. P. 47.4.