COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-03-513-CR


TERRY RUSSELL ANDERSON                                                  APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION [1]

------------
I.      Introduction
        Appellant Terry Russell Anderson appeals his conviction of indecency with
a child and three counts of aggravated sexual assault of a child under fourteen
years of age. The trial court sentenced Appellant to thirty-five years’
confinement for the indecency charge, forty-two years’ confinement for two of
the aggravated sexual assault charges, and forty-eight years’ confinement on
the third aggravated sexual assault charge. In two points, Appellant argues
that the trial court erred by overruling Appellant’s objections to the State’s final
jury argument. We affirm.
II.     Background
        T.A. accused Appellant, her father, of sexually assaulting her. She
reported the assault after Appellant, who was also her basketball coach,
chastised her during basketball practice two days later. Key to Appellant’s
defense strategy was his theory that T.A. fabricated the abuse allegation in
retaliation for criticizing her during basketball practice.
        At the beginning of the State’s final jury argument, the following
exchange took place:
[Prosecutor]Ladies and gentlemen, first I'd like to tell
you what my job is. The Code of Criminal Procedure, Article 201
states --
 
[Defense counsel]Objection. That's outside the evidence.
 
[Trial court]Overruled. 
 
[Defense counsel]Outside the record. 
 
[Prosecutor]"It shall be the primary" --
 
[Defense counsel]May I have a ruling, Judge?
 
[Trial court]I said overruled. 
 
[Defense counsel]Oh, okay. I didn't hear you, Judge. 
 
[Prosecutor]"It shall be the primary duty of all
prosecuting attorneys not to convict but to see that justice is
done." That's what we're asking for.
The defense will have you believe that a 13-year-old
child who lost her mother to cancer three years prior, has only one
parent left who[m] she loves and she knows he loves her, is gonna
make up a story that he sexually abused her because she got mad
one day because he yelled at her at basketball practice and hit her
on the leg. That is the most ludicrous story in the entire world.
 
[Defense counsel]Your Honor, I have to object. The
prosecutor's opinion of the evidence is irrelevant.
 
[Trial court]Overruled. 

Appellant’s complaints on appeal focus on this part of the prosecutor’s
argument.
III.    Discussion
        In his first point, Appellant argues that the prosecutor’s recitation of
article 201 of the code of criminal procedure was reversible error. In his second
point, he argues that the prosecutor’s characterization of his defense theory as
“the most ludicrous story in the entire world” was reversible error.
        To be permissible, the State’s jury argument must fall within one of the
following four general areas: (1) summation of the evidence, (2) reasonable
deduction from the evidence, (3) answer to argument of opposing counsel, or
(4) plea for law enforcement. Felder v. State, 848 S.W.2d 85, 94-95 (Tex.
Crim. App. 1992), cert. denied, 510 U.S. 829 (1993); Alejandro v. State, 493
S.W.2d 230, 231 (Tex. Crim. App. 1973).
        If a jury argument exceeds the bounds of proper argument, the trial
court’s erroneous overruling of a defendant’s objection is not reversible error
unless it affected the appellant’s substantial rights. Tex. R. App. P. 44.2(b);
Martinez v. State, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); Mosley v.
State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), cert.
denied, 526 U.S. 1070 (1999). In determining whether the appellant’s
substantial rights were affected, we consider (1) the severity of the misconduct
(i.e., the prejudicial effect of the prosecutor’s remarks), (2) curative measures,
and (3) the certainty of conviction absent the misconduct. Martinez, 17
S.W.3d at 692-93; Mosley, 983 S.W.2d at 259.
        Appellant contends that the prosecutor’s recitation of article 201 falls
outside the four permissible areas of jury argument. The State responds that
it was invited by defense counsel’s argument, pointing to the following defense
argument: 
Ask you to consider those and listen to the rest of the arguments,
bearing in mind that what we're saying -- we're trying to
summarize the evidence from our standpoint as counsel for our
party; that we are basically biased to the side that we represent
within the law and within the facts. We don't make stuff up. 
Neither side does. We don't go outside the rules of being officers
of the court.
 
But make no mistake, their job is to prosecute, ours is to defend,
yours is to judge. We don't have to be fair, so long as we're within
the rules, with how we present evidence. You have to be fair and
impartial with your decision. 

The State contends that defense counsel’s argument that the prosecutor’s “job
is to prosecute” invited the more accurate rejoinder that the prosecutor’s job,
according to article 201, is to “see that justice is done.” See Tex. Code Crim.
Proc. Ann. art. 201 (Vernon Supp. 2004-05). We agree. Once the prosecutor
read article 201 to the jury, she moved on to other argument. We hold that the
trial court did not err by overruling Appellant’s objection to the prosecutor’s
recitation of article 201. We overrule Appellant’s first point.
        Next, Appellant argues that the State’s characterization of his defense
theory as “the most ludicrous story in the entire world” also fell outside the four
permissible areas of jury argument and injected the prosecutor’s opinion as to
the credibility of the complainant and other witnesses. The State replies that
the prosecutor’s statement was a proper attack on the merits of defense
counsel’s argument.
        A prosecutor may argue his opinions about the case so long as his
opinions are based on evidence. Penry v. State, 903 S.W.2d 715, 756 (Tex.
Crim. App. 1995), cert. denied, 516 U.S. 977 (1995). Colorful language used
to convey the prosecutor’s opinion of defense counsel’s argument does not
warrant reversal. Garcia v. State, 126 S.W.3d 921, 925 (Tex. Crim. App.
2004) (holding that prosecutor’s characterization of defense counsel’s argument
as “hogwash” was not improper argument); Coble v. State, 871 S.W.2d 192,
205 (Tex. Crim. App. 1993) (holding that prosecutor’s characterization of
defense counsel’s argument as “something ridiculous” was not improper
argument), cert. denied, 513 U.S. 829 (1994).
        In this case, the prosecutor prefaced the challenged argument with the
words “[d]efense [counsel] would have you believe that . . .,” summarized
defense counsel’s argument, and then stated, “That is the most ludicrous story
in the entire world.” “That . . . story” clearly refers to the defense argument
just summarized by the prosecutor and conveys the prosecutor’s opinion of that
argument—not the prosecutor’s opinion of the credibility of the complianant. 
We hold that the trial court did not err by overruling Appellant’s objection to the
prosecutor’s argument. We overrule Appellant’s second point.
IV.    Conclusion
        Having overruled both of Appellant’s points, we affirm the judgment of
the trial court. See Tex. R. App. P. 43.2(a).
 
 
                                                          ANNE GARDNER
                                                          JUSTICE
 
PANEL B:   LIVINGSTON, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 11, 2005
 
NOTES
1. See Tex. R. App. P. 47.4.