COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-389-CR

 

 

DYRON TYLER                                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I. Introduction








Appellant Dyron Tyler appeals
his conviction and sixteen-year sentence for unlawful possession of a firearm
by a felon.  In his sole point, appellant
contends that the trial court abused its discretion by failing to grant a
mistrial after sustaining his objection to the prosecutor=s jury argument.  Appellant
contends that the prosecutor struck at him over the shoulder of appellant=s counsel.  We affirm.

II. Background Facts

On February 16, 2005, between
1:30 and 2:00 a.m., Michael Sparks drove to a Taco Bell restaurant in
Arlington, Texas and parked his car in the parking lot.  Sparks then got out of his car, leaving the
driver=s side window down and a APit Bull@ model .45
caliber semi-automatic pistol[2]
in the car, and attempted to go inside the restaurant.  When he realized that the restaurant doors
were locked, Sparks walked back to his car and saw a black man (appellant)
getting inside a black Nissan Sentra. 
When he got into his car, Sparks noticed that the pistol was gone and
saw the Nissan Sentra driving out of the parking lot at a Adecently fast@ speed.  Sparks estimated that he had been out of his
car for only twenty to thirty seconds.








Sparks then followed
appellant=s car and
called 911 to report that someone had stolen the pistol from his car.  However, Sparks lost sight of appellant=s car when Sparks had to stop for a red light.  After a police officer received the police
dispatcher=s
information, including the color, make, and model of the car and the license
plate number, he pulled appellant=s car over and noted that appellant was the only person in the
car.  The police officer looked in
appellant=s car and
found a pistol that matched Sparks=s description underneath the driver=s seat.

On September 27, 2005, after
a jury found appellant guilty of unlawful possession of a firearm and appellant
pled true to the repeat offender notice, the jury assessed his punishment at
sixteen years= in the
Institutional Division of the Texas Department of Criminal Justice.

III.  Standard of Review

Appellant argues that the
trial court erred by failing to grant his motion for mistrial because the
prosecutor made an improper jury argument in the State=s closing argument during the guilt-innocence phase of trial.  Appellant contends that the prosecutor struck
at him over his attorney=s shoulders
and that the argument affected his substantial rights.

To be permissible, the State=s jury argument
must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable
deduction from the evidence; (3) answer to argument of opposing counsel; or (4)
plea for law enforcement.  Felder v.
State, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), cert. denied,
510 U.S. 829 (1993); Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim.
App. 1973).








When the trial court sustains an objection and instructs
the jury to disregard but denies a defendant=s motion for a
mistrial, the issue is whether the trial court abused its discretion in denying
the mistrial.  Hawkins v. State,
135 S.W.3d 72, 77 (Tex. Crim. App. 2004). 
Only in extreme circumstances, when the prejudice caused by the improper
argument is incurable, i.e., Aso prejudicial
that expenditure of further time and expense would be wasteful and futile,@ will a mistrial
be required.  Id.; see also Simpson v.
State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), cert. denied, 542
U.S. 905 (2004).  In determining whether
the trial court abused its discretion in denying the mistrial, we balance three
factors:  (1) the severity of the
misconduct (prejudicial effect), (2) curative measures, and (3) the certainty
of conviction absent the misconduct.  Hawkins,
135 S.W.3d at 77; Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim. App.
1998) (op. on reh=g), cert. denied, 526 U.S. 1070
(1999).

IV.  Applicable Facts

During closing arguments the
prosecutor stated:








On page 2 of
this charge, this is what y=all need to focus on, on or about the 16th day of February, 2005, both
of my witnesses testified the occurrences on this case happened February 16th
2005.  Tarrant County, Texas, both of
them said all the events happened in Tarrant County Texas.  That that man, Officer Sandoval said that
from the description of the car, the license plate, the direction of travel,
and the fact that a red Mustang was following that car, waving him on, and he
pulled it over, and that man was driving the car, the only occupant in that
vehicle.  He did possess a firearm
because, you know, Mr. Castanon is doing the best he can with the case he
has. [Emphasis added.]

V. Analysis

After the prosecutor=s statement, appellant=s attorney objected to the statement as Astriking at defendant over counsel=s shoulder,@ and the
trial court sustained the objection. 
Appellant=s attorney
then asked the trial court to instruct the jury to disregard the
statement.  The trial judge denied the
request, and appellant=s attorney
moved for a mistrial.  The trial judge
then gave the jury an instruction to disregard the prosecutor=s statement and denied appellant=s motion for mistrial.

Appellant argues that the
prosecutor=s comments
suggested that the defense attorney was doing the best that he could with a Adeficient defense.@ The State contends that the prosecutor=s comments did not constitute striking at appellant over his attorney=s shoulder despite the fact that the trial court sustained appellant=s objection, and alternatively, that the comment was a proper response
to appellant=s attorney=s argument.








It is difficult to articulate
a precise rule to determine when a prosecutor is striking over the defense
counsel=s shoulder and when he is making a proper jury argument. Phillips
v. State, 130 S.W.3d 343, 356 (Tex. App.CHouston [14th Dist.] 2004, pet. ref=d) (op. on reh=g).  However, a prosecutor risks improperly
striking at a defendant over the shoulder of counsel when the argument refers
to defense counsel personally and when the argument explicitly impugns defense
counsel's character.  Mosley, 983
S.W.2d at 259; Guy v. State, 160 S.W.3d 606, 617 (Tex. App.CFort Worth 2005, pet. ref=d).  When evaluating an alleged
improper argument, an appellate court views the statement in the context of the
entire argument. Mosley, 983 S.W.2d at 259.      The
court of criminal appeals has held that the Aover-the-shoulder@ rule  is designed to protect
the defendant from improper prosecutorial character attacks directed at defense
counsel.  Coble v. State, 871
S.W.2d 192, 205 (Tex. Crim. App. 1993), cert. denied, 513 U.S. 829
(1994).  The trial court determined that
the specific kind of character attacks envisioned during the fashioning of the
rule were those which leveled unsubstantiated accusations of improper conduct
at defense counsel.  Id. 








After reviewing the record,
we hold that the prosecutor=s comment focused primarily on summarizing the evidence presented at
trial.  The prosecutor recited the
evidence in an effort to refute opposing counsel=s assertion that the State=s evidence amounted to a mere inference and failed to meet the
reasonable doubt standard.  We hold that
the prosecutor=s comment
was directed at appellant=s attorney=s argument and the basis for his defense and was not directed at
appellant=s attorney
specifically.  We conclude that the
prosecutor did not engage in improper jury argument, and therefore, the trial
court did not abuse its discretion by denying appellant=s motion for mistrial. 

Further, assuming for
argument=s sake that the prosecutor=s statement was an improper jury argument, the trial court did not
abuse its discretion by denying appellant=s motion for mistrial.  After
reviewing the record, we determine that the prosecutor=s statement did not have a prejudicial effect on the outcome of the
trial and that appellant would have been convicted had the prosecutor not made
the statement.  

Additionally, the trial court
instructed the jury to disregard the prosecutor=s statement.  Instructions to
disregard are generally held to be sufficient to cure the prejudicial effect of
improper argument.  Quinton v. State,
56 S.W.3d 633, 640 (Tex. App.CWaco 2001, pet. ref=d).  The trial court=s instruction in this case was sufficient to cure the prejudicial
effect of the argument because the trial court instructed the jury to disregard
the prosecutor=s statement
immediately after the statement was made. 
Having determined that the prosecutor=s statement was not an improper jury argument and that the trial court
did not abuse its discretion by denying appellant=s motion for mistrial, we overrule appellant=s sole point.

 








V. Conclusion 

Having overruled appellant=s sole point, we affirm the trial court=s judgment.

 

PER CURIAM

PANEL F:    LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
May 25, 2006











[1]See Tex. R. App. P. 47.4.





[2]Sparks
was licensed to carry a handgun and stated that he would leave the pistol in
his car and would wedge it in between the driver=s
seat and the console or would leave it on the seat and would cover it when he
got out of the car.