NAPOLEON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 NO.  2-06-201-CR

JOHN ANDREW NAPOLEON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant John Andrew Napoleon appeals his felony conviction and life sentence for escape from custody.  In two points, appellant asserts that the trial court abused its discretion by overruling appellant’s challenge for cause of Juror Corey Todd Hall and by overruling appellant’s objection to the prosecutor’s improper jury argument.  We affirm.  

II.  Background Facts  

Appellant was incarcerated at the Parker County Jail and often worked as an “outside trustee” at the Parker County wood-working shop.  On November 4, 2005, while working at the shop, appellant left the custody of his supervising jailor during lunch and got in a car driven by his friend and her boyfriend.  An extensive manhunt ensued throughout Tarrant and Johnson counties.  While police officers were at the home of Barbara Murphree, an alleged friend of appellant, appellant walked into the living room and surrendered.  Appellant claimed that he was in pain because he had fallen from the roof of Murphree’s home while attempting to escape.

Appellant entered an open plea of guilty to the offense and true to the enhancement allegations in the indictment.  He elected to have the jury assess his punishment.  The jury assessed appellant’s punishment at life imprisonment. This appeal followed.  

III.  Appellant’s First Point

During voir dire, appellant’s trial counsel asked prospective jurors if they would be prejudiced against appellant because of his membership in the Aryan Brotherhood.  Appellant asserts that Juror Corey Todd Hall exhibited a prejudice against him during this questioning, and therefore, the trial court abused its discretion by overruling appellant’s challenge for cause regarding this juror.  We disagree.

A.  Applicable Law

Before an appellant can claim that he was harmed by a trial court’s denial of a defense challenge for cause, the record must show that (1) he exhausted all of his peremptory challenges, (2) he requested more challenges, (3) his request was denied, and (4) he identified an objectionable person seated on the jury against whom he would have exercised a peremptory challenge.  
Martinez v. State
, 17 S.W.3d 677, 682 (Tex. Crim. App. 2000); 
Anson v. State
, 959 S.W.2d 203, 204 (Tex. Crim. App. 1997), 
cert. dism’d
, 525 U.S. 924 (1998); 
Broussard v. State
, 910 S.W.2d 952, 956-57 (Tex. Crim. App. 1995), 
cert. denied
, 519 U.S. 826 (1996). 

B.  Discussion

The record here is devoid of the entire portion of voir dire showing how the parties used their peremptory strikes and challenges for cause.  Therefore, we are unable to determine if appellant exhausted his peremptory challenges, requested more challenges, and was denied those challenges.  
See Martinez
, 17 S.W.3d at 682; 
Anson
, 959 S.W.2d at 204.  However, we are
 able to determine that appellant never identified an objectionable juror who ultimately sat on the jury.  
Because appellant did not identify an objectionable person seated on the jury, he did not show that he was harmed by the trial court’s denial of his challenge for cause.  
See Martinez
, 17 S.W.3d at 682; 
Anson
, 959 S.W.2d at 204.  
Accordingly, we overrule appellant’s first point.   

IV.  Appellant’s Second Point

In his second point, appellant argues that the trial court abused its discretion by overruling appellant’s objection to the prosecutor’s jury argument. 

A.  Standard of Review

To be permissible, the State’s jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. 
 Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973). 

B.  Discussion

During the State’s closing argument, the following exchange occurred:

[STATE]: And let’s be clear, the, “I’m sorry boss, I’m done, I surrender, I’m done,” yeah, that was after he fell off the roof when he was running from the cops.

[DEFENSE COUNSEL]: Objection, Your Honor, that is outside the record.

THE COURT: Sustained.

[STATE]: That was after he fell off the roof after he saw a patrol car, based upon the testimony that you heard.

[DEFENSE COUNSEL]: Objection.  That’s outside the record, too.

THE COURT: Overruled.

[STATE]: When he puked in the back of the patrol car because he was in so much pain, you can decide for yourself what reason it is you felt the defendant gave himself up.  But that was yet another time the defendant claimed all these things that he was going to do and how he was different and he was going to change.

Appellant complains that the argument above was improper because it went outside the record regarding why he surrendered to the police.  The State counters, and we agree, that the following admitted testimony shows that the complained-of argument was not outside the record:

[STATE:] All right.  Tell this jury what happened while you were talking with Barbara Murphree.

[INVESTIGATOR GORDON:] What I recall most is where Barbara Murphree was seated, she turned around and looked at her front door.  The front door was open.  The storm door was there.  And about that time, the door opened up and John Napoleon walks in and said, “Sorry boss, I’m done.  I’m done.”

. . . .

[STATE:] Did you take him into custody?

[INVESTIGATOR GORDON:] Yes.

. . . .

[STATE:] Once you took the defendant into custody, did you note any physical problems that he might have had?

[INVESTIGATOR GORDON:] 
Yes.  He was complaining of shoulder and arm pain, right side.

[STATE:] Did he look to you—if you were to look at him, could you tell he was in noticeable pain?

[INVESTIGATOR GORDON:] 
He appeared to be in pain, yes.

[STATE:] 
Did he tell you how he hurt his shoulder and elbow—or shoulder and arm?

[INVESTIGATOR GORDON:] 
Fell off the roof.

[STATE:] 
And did he tell you he fell off the roof while he was trying to dodge the police?

[INVESTIGATOR GORDON:] 
Yes.  Apparently he had—the way he explained it, is that while on the roof he had saw a marked Fort Worth unit and thought they were looking for him, and fell off the house or a tree or something trying to get down.

[STATE:] 
Upon being brought back into custody, to your knowledge, when the defendant was transported back to Parker County, was he taken for medical care?

[INVESTIGATOR GORDON:] 
Once he was brought to Parker County Sheriff’s Department?

[STATE:] 
Yes, sir. 

[INVESTIGATOR GORDON:] 
I released him to jail personnel and I understand he was taken to the hospital.

[STATE:] 
And that reminds me.  It’s a pretty good trip back, was it 30 minutes or so back from Fort Worth over to Parker County Sheriff’s Department?

[INVESTIGATOR GORDON:] 
It didn’t take that long.  Twenty, 30 minutes. 

[STATE:] 
Okay.  Anything unusual—did he do anything unusual in your car on the way back?

[INVESTIGATOR GORDON:] 
He started moving around which kind of got my attention.  But he ended up vomiting in the floorboard.

. . . .

[STATE:] 
Did he make any remarks to you as to why he had vomited?

[INVESTIGATOR GORDON:] 
I would assume, and I think he indicates due to the pain that he was in is what caused it.

Despite appellant’s contentions, the comments the prosecutor made during closing argument were merely a recitation of the admitted testimony of Investigator Gordon, who took appellant back into custody.  Such is one of the proper areas of jury argument.  
See Jackson v. State
, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000) (holding that summation of admitted evidence is proper in a jury argument).  Accordingly, we overrule appellant’s second point.  

V.  Conclusion

Having overruled appellant’s two points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: March 8, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.