COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-228-CR

 

 

TIMOTHY SIMPSON                                                                          APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

               FROM
THE 211TH DISTRICT COURT OF DENTON COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

A
jury convicted Appellant Timothy Simmons of sexual assault upon his plea of
guilty and assessed his punishment at thirty-four years=
confinement.  The trial court sentenced
him accordingly.  In one point, he
contends that the trial court violated his federal and state constitutional
rights to a fair punishment hearing by allowing the prosecutor to argue outside
the record on multiple occasions. 
Because we hold that the trial court did not err, we affirm the trial
court=s
judgment.








In
the State=s
final argument on punishment, the prosecutor stated,

He also on August 8th of 1993 commits the
first degree felony offense of delivery of drugs, a first degree felony while
he=s on probation
already.

 

About a week later on August 17th, he=s caught doing it
again, so that he basically got out on bond and he did it again.

 

After the second statement,
Appellant=s
trial counsel objected that there was no evidence of when Appellant was
arrested or that he was out on bond at the time of the August 17 offense and
that the argument was therefore outside the record.  The trial court overruled the objection.  The prosecutor then went on,

So
they=re saying behave
yourself.  Don=t do wrong.  He=s got an assault and two first degree
felonies.  

 

They finally get around to revoking him on
September 20th of 1993.  That=s all out in Kaufman
County.  And you can look at this and
see.  So he goes to prison for ten
years.  He gets a ten‑year
sentence.  He=s given on the second
caseCthey do them at
different times, but he gets ten years to run concurrently.

 








As
the State points out, State=s
Exhibit 2 contains a September 20, 1993 judgment revoking Appellant=s
probation and adjudicating him guilty of robbery.  The judgment provides that Appellant was
placed on probation on March 9, 1992, and that Appellant received forty days=
credit for time served.  The exhibit also
contains a September 20, 1993 judgment on Appellant=s
plea of guilty to the first-degree felony offense of delivery of a controlled substance
committed on August 17, 1993.  Finally,
the exhibit contains an April 27, 1994 judgment on Appellant=s
plea of guilty to the first-degree felony offense of delivery of a controlled
substance committed on August 8, 1993. 

The
State concedes that there is no evidence that Appellant was on bond when he
committed the August 17 offense but argues that it is a reasonable deduction
from the evidence.[2]  We agree and hold that the argument was
proper.[3]

But
we note in the interest of justice that even if the trial court had erred by
allowing the argument, any error would be harmless because whether Appellant
committed the offenses while he was on probation or whether he committed one
offense while on probation, was arrested and released on bond, and then
committed the second offense, the significance is the same:  Appellant committed first-degree drug
felonies within days of each other, flagrantly violating either the probation
conditions or bond conditions set by the trial court who released him.  We therefore overrule this portion of
Appellant=s
point.

The
prosecutor also argued,








You know, mom said, oh, you know, he was
depressed, so, you know, I tried to get him some help with Terrell MHMR.  What did we talk about in jury
selection?  Both sides have equal
subpoena power.  . . . [T]his offense
happened almost two years ago.  There is
not a shred, there=s not one document,
one piece of paper that said he was ever in a mental hospital or was counseled
for depression or anything like that.  It
doesn=t exist.  So you can=t go back there and go, well, you know, maybe
he had some problems.  You have no
evidence of that.

 

[DEFENSE
COUNSEL]:  Your Honor, I object.  There is evidence from the mother that he did
go toC 

 

THE COURT: 
I=ll overrule that
objection.

 

[THE
PROSECUTOR]:  Where is it?  You know those places keep records.  They keep them very well.  There=s not one document to show anything to
corroborate that. . . .

 

Taken in context, the
prosecutor=s
argument was that there was no documentary evidence of Appellant=s
psychological problems or treatment thereof. 
We therefore hold that this argument was a proper summation of the
evidence and overrule the remainder of Appellant=s
sole point.[4]








Having
overruled Appellant=s sole point, we affirm the
trial court=s
judgment.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL:  DAUPHINOT, MCCOY, and MEIER, JJ.

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  July 15, 2010











[1]See Tex. R. App. P.
47.4.





[2]See Felder v. State, 848 S.W.2d 85, 94B95 (Tex. Crim. App.
1992), cert. denied, 510 U.S. 829 (1993); Alejandro v. State, 493
S.W.2d 230, 231 (Tex. Crim. App. 1973).





[3]See Felder, 848
S.W.2d at 94B95; Alejandro,
493 S.W.2d at 231.





[4]See Felder, 848
S.W.2d at 94B95; Alejandro,
493 S.W.2d at 231.