**Opinion issued January 23, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-16-00434-CR**

———————————

**DAMON ORLANDO MILTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Case No. 1472750**

---

### OPINION DISSENTING FROM
### DENIAL OF EN BANC RECONSIDERATION

Because the State introduced a video clip during its closing argument that was not evidence in the case, thus injecting facts from outside the trial record for the purpose of increasing the defendant's punishment, we should grant en banc review and reverse for a new punishment hearing.

Proper closing arguments (1) summarize the evidence; (2) make reasonable deductions from the evidence; (3) respond to arguments of opposing counsel; or (4) plead for law enforcement. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). Even when an argument exceeds the permissible bounds of these approved areas, it will not constitute reversible error unless the argument is extreme or manifestly improper, violates a mandatory statute, or injects new facts harmful to the accused into the trial proceeding. *Id.*

In *Dang v. State*, the Texas Court of Criminal Appeals noted that "[t]he statutory right to argue at the close of the evidence is derived by inference from Articles 36.07 and 36.08." 154 S.W.3d 616, 619 (Tex. Crim. App. 2005) (referring to TEX. CODE CRIM. PROC. arts. 36.07, 36.08). The Court further noted:

> Article 36.07 gives broad discretion to the trial court regarding the general order of arguments with the caveat that the State has the right to present the concluding argument. Because the legislature addressed the order in which arguments should be presented, we can assume that an implicit right to closing argument exists.

> Under Article 36.08, the court is prohibited from restricting arguments in felony cases to less than two on each side. This Court has interpreted this to mean that a defendant is entitled to two arguments if he is represented by more than one lawyer. If a defendant has the right to two closing arguments, then we can presume that he has the right to one closing argument.

*Id.* at 619–20.

In the civil context, Rule 269 of the Texas Rules of Civil Procedure provides: "Arguments on the facts should be addressed to the jury, when one is impaneled in

2

a case that is being tried, under the supervision of the court. Counsel shall be required to confine the argument strictly to the evidence and to the arguments of opposing counsel." TEX. R. CIV. P. 269(e).

None of these authorities provide for presenting extraneous material beyond counsel's rhetorical summation of the evidence. The complained-of conduct was not the argument of counsel at all—it was a video clip played before the jury during the State's closing argument. The introduction of that 35-second video showed: a toddler sitting near a lion confined in a zoo, with the lion repeatedly lunging and pawing at the child from behind the glass. These facts were concededly completely unrelated to the facts of this case. The State used the video to equate the defendant to that of a predatory animal, who, like that animal, should be caged to protect innocent children. Given that the video presented facts outside the record and would never have been admitted into evidence, the trial court erred in allowing its admission during closing argument. *See Wesbrook*, 29 S.W.3d at 115.

The video clip was central to the State's plea for a lengthy confinement as punishment for this recidivist defendant. Its introduction before the jury caused harm. The State used the video to begin its rebuttal: "Ladies and gentlemen, I know you're thinking, that was weird, what was that about? *But that 30-second clip is exactly what this punishment phase is about.*"

3

The State later referred to the video a second time: "Let me talk to you about that video. That lion was cute, and it was laughable, and it was funny because he's behind that piece of glass. That motive of that lion is never changing, never changing. It's [in]nate. Given the opportunity, remove that glass, it's no longer funny, it's a tragedy. That's what's going to happen, that's a tragedy. That's what's going on with this case."

A brief allusion to something outside the record to make a metaphorical plea for law enforcement is not viscerally the same as introducing facts from outside the record in the form of a video clip like this one; the former is easily categorized as argument by analogy in the minds of jurors, coming, as it does, directly from counsel's summation. *Compare Murphy v. State*, No. AP-74851, 2006 WL 1096924, at *22 (Tex. Crim. App. Apr. 26, 2006) (not designated for publication) (holding analogy to military ambush not harmful where evidence established defendant was lookout and analogy helped emphasize and explain evidence), *and Broussard v. State*, 910 S.W.2d 952, 959 (Tex. Crim. App. 1995) (concluding argument comparing defendant to volcano was permissible analogy that emphasized and explained evidence where evidence supported conclusion that defendant behaved peacefully sometimes but had propensity towards violence), *with Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973) (noting that "[i]t is the duty

4

of trial counsel to confine their arguments to the record; reference to facts that are neither in evidence nor inferable from the evidence is therefore improper").

The video recording of the event at the zoo is not counsel's argument, but is instead the display of inadmissible facts—unrelated to this case, never introduced as evidence, and never tested by cross-examination. The video was not merely argument by analogy, but instead placed central emphasis on a wholly collateral matter through a powerful medium, to incite the protective instincts of the jury. A world of video happenings now is at any lawyer's fingertips, but the law requires that a jury make its decision based on the evidence relevant to sentencing. *See* TEX. CODE CRIM. PROC. art. 37.07, § 3(a)(1) (during punishment phase of trial "evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing"). Videos that are not introduced as evidence should not be played during closing argument—our statutes and rules do not allow for it. The State's choice to introduce an inadmissible video clip was a calculated effort to increase the punishment level in this case. As such, it constitutes reversible error. *See Wesbrook*, 29 S.W.3d at 115.

Because the State's jury argument in this case went beyond the bounds of proper argument by introducing a video that was not evidence in the case, we should reverse and remand for a new punishment hearing. Because we do not, I respectfully dissent.

Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Keyes and Massengale.

En banc reconsideration was requested. *See* TEX. R. APP. P. 49.7.

A majority of the justices of the Court voted to deny the motion for en banc reconsideration.

The en banc court consists of Chief Justice Radack and Justices Jennings, Keyes, Higley, Bland, Massengale, Brown, Lloyd, and Caughey.

Justice Jennings, dissenting from the denial of en banc reconsideration with separate opinion.

Justice Bland, dissenting from the denial of en banc reconsideration with separate opinion.

Publish. TEX. R. APP. P. 47.2(b).